Judge Marshall

delivered the Opinion of the Court.
Upon the principle decided in the case of Bustard vs. Gates, 4 Dana, 429, the decree of the Montgomery Circuit Court, read in evidence by the defendants, though full of error, was not void as to the four infant heirs of Downing, for whom a guardian ad litem was appointed, and an answer put in, nor was it void as to the three femes covert, Mrs. Boyd, Mrs Thomson and Mrs. Preston, upon whom the process was served. The deed made under the decree is valid as to these seven, while the decree remains unreversed, and precludes all right of recovery to the extent of their interest, being seven elevenths of one half of the land in contest. And as all the instructions asked for by the plaintiff, and refused by the court, except one or two which were abstract, assumed the right of recovering on all the demises, as the consequence of the facts supposed in them, it was proper, on this ground, if on no other, to refuse to give them as asked.
By virtue of the deed, Ford, the grantee, being invested with the title of those heirs against whom it was valid, was a tenant in common of the title with the four heirs as to whom it was invalid; and as the evidence conduces to show that he relied upon the deed as valid against all; that *392 he, in fact, held and claimed the whole of the land conveyed, as his own, and adversely to all of the heirs, for more than twenty years, from the date of the deed, before the commencement of the suit, and as, moreover, there are facts from which it may be inferred that the heirs had notice of his thus holding under the deed and against them, the statute of limitations applied, as a bar, to the recovery by any of the lessors, if the facts which the evidence thus conduced to prove, were found true by the jury, unless it further appeared that the lessors, claiming the benefit of the exceptions contained in the statute, were actually within them, or some of them; and, as it devolved upon the party claiming the benefit of the saving, to show himself within it, and there was no such evidence, the court did not err in the instruction given, as to the application of the statute of limitations to the case.
Twenty years possession adverse to the title of a feme covert, will bar her husband, whether he sues alone, or on their joint demise.
Where a feme sole pltf. in eject, relies upon a former coverture to save her right from the bar by time, she must show that the action was commenced within the 3 years allowed her for that purpose, after her disability was removed. The disability under which a person labored, saving his or her right from bar by the statute of limitations, cannot be added to the disability of his or her successor so as to prolong the time within which the latter may sue.
*392 In the case of Neal vs. Robertson, 2 Dana, 86, it was decided that, the exception in favor of femes covert, does not operate to the benefit of the husband, so as to prevent him from being barred by twenty years, whether he sue separately, or jointly with his wife. Upon this principle, the adverse possession in this case, if found by the jury to have continued for twenty years, under the deed, and before suit brought, was a bar to any recovery on the demise of Arthur Johnson and wife, who were married before the suit for a title was commenced, but who were not bound by the decree and deed therein, because neither of them was served with process or appeared. And as to Zilphe Blair, who was a feme covert when the deed was made, and was not bound by the decree for want of service of process, but now demises as a feme sole; about twenty-one years having elapsed from the date of the deed, and it not being shown when her disability was removed, the recovery on her demise, is also barred by the facts assumed. For admitting that she is entitled to three years after the removal of her disability, to commence her suit, she is not entitled to three years in addition to the twenty, if the twenty years had expired before her disability was removed. And twenty years having fully expired before the suit was commenced, it devolved on her to show that the three years from the death of her hus *393 band, had not elapsed, which not being done, the recovery on her demise is also barred, upon the facts submitted to the jury, and there was no necessity for submitting to them any enquiry as to the lapse of the three years; because there was no evidence bearing in any degree upon that question. The case of Floyd’s Heirs, vs. Johnson, 2 Littell, 112-115, authorizes the application of these principles to this demise.
After 20 years possession under a title bond, a deed in compliance with the bond, may be presumed, by a jury. But this presumption may be repelled by other facts: as where the obligee of the bond had obtained an insufficient deed, and after holding under the bond and that deed more than 20 years, files a bill to perfect his title, no better or other deed can be presumed.
The same principles apply to the other two demises made by the respective heirs of two of the femes covert, as to whom the decree and deed were void. If they were under disability when the title came to them; of which, however, there is no evidence, such disability cannot be added to the disability of their mother, so as to prolong the time for commencing suit. Floyd’s Heirs vs. Johnson, supra; Clay’s Heirs vs. Miller, 3 Monroe, 146. And as more than twenty years had elapsed from the accrual of the right of entry to their ancestors, and the commencement of the adverse possession under the deed, and as it does not appear that this suit was commenced within three years after the discoverture or death of their mothers, from whom the title came, the bar of the statute was applicable to them in the same manner as to Mrs Blair.
There being then, as the case stands, no ground for discrimination between the applicability of the bar to the several lessors as to whom the deed is void, it is unnecessary in the present attitude bf the case, to decide whether this is, or is not, a case in which, if one is barred by the statute of limitations, all are barred; and we do not decide this point. There being no error in the instruction under review, as an exposition of the law upon the facts therein submitted to the jury, and which the evidence conduced to prove, the judgment must have been affirmed, either if those facts had been conclusively established by the proof, in which case the jury would have been bound to find as they did; or if there had been no other instruction given, in which case the finding of the jury would itself have sufficiently established the facts which bar the plaintiff’s recovery. But the evidence was not conclusive, and there was another instruction which *394 may have produced the verdict for the defendants, and which must therefore be considered.
That instruction was to the effect, that if the jury believed that Ford had entered upon the land, in 1813 or 1814, under a bond for a conveyance from Downing, the ancestor of the lessors, and one of the two patentees, and that Ford and his vendees had continued in possession ever since, and up to the commencement of this suit, in 1838, claiming the land as their own, the jury were at liberty to presume that the contract had been executed, by a conveyance of the title to Ford, or his vendees. The evidence conduced to establish the facts submitted in this instruction, and if they stood alone, they would certainly authorize the presumption of a conveyance. But we are of opinion that the facts that, in 1817, Downing accepted a deed from a commissioner, under his decree, for a specific enforcement of the contract, that he caused the deed to be recorded in the county where the land lay, within twenty years before the commencement of this suit, and that shortly before the commencement of this suit, (though more than twenty years after the date of the deed,) he filed a bill in chancery against the heirs of Downing, setting up the same deed, as well as the title bond, praying that all defects in his title might be cured, and not pretending that any other conveyance had been made, entirely destroyed all presumption of any other deed having been made.
The Court, therefore, erred in giving this instruction, and for this error, the judgment is reversed, and the cause remanded for a new trial.