Judge Graham
delivered the opinion of the Court.
The acknowledgement of the deed from Widener and wife to Settle as certified by the Clerk, only passed her right to dower, and did not divest her of her entire interest in the "land conveyed. Her husband died on the day of 1826. She was then of full age, and being by his death freed from the disabilities of coverture, she might immediately have maintained an action of ejectment against any person in possession of her land embraced in the deed. She however did not institute any suit to recover her Iand, but died in February 1840, leaving Head, to whom the title is conveyed by Widener, -and regularly transmitted by conveyances down to himself, in possession of the land. The statute of limitation commenced running against Mrs. Widener, immediately on the death of her husband, and continued to run until her death. At her death, her only child and heir Mrs. Sharp, inherited her estate. The latter being a feme covert at the time the descent was cast on her by the death of her mother, the statute of limitation ceased to run against her during her coverture, unless the act of 1840 or some other act continued its operation as to her rights. But whether this is so or not, or whether the action could be maintained by Mrs. Sharp if her husband were dead, need not be determined. She is a feme covert. The demise is laid in the name of husband and wife, and -he may be precluded without barring his wife. At the death of Mrs. Widener, his mother-in-law, he was not laboring under any disability whatever, he might as husband have *278 maintained ejectment on a demise in his own name, and recovered for his sole benefit during their joint lives, because he had an interest and legal title, during the joint lives of himself and wife. As against him the statute continued to run. The action was not commenced until April 1848, when more than twenty years had elapsed from the death of George Widener, the husband of Elizabeth Widener. Willis Sharp the husband, was therefore barred from maintaining this suit in his own name, (2 Dana, 88.) Uniting his wife’s name with his, whilst it did not prejudice her rights did not aid him. Whether therefore, the Court gave a right or a wrong reason for the instructions given, is wholly immaterial. The jury could not, with a due regard to the law and facts of the case have found for the plaintiffs. It was not therefore improper to tell them, that it was their duty to find for the defendant, although for that opinion of the Court an insufficient leason may have been assigned. We think the judgment of the Circuit Court was not erroneous.
J. Sf W. L. Harlan. Craddock, and Herndon, for plaintiffs; Hewitt for defendant.
It is therefore affirmed.