## WILLIAM WITT *v.* MAY WILLISON.

**Married Women—Judgments—Jurisdiction.**

Judgments against married women and infants when they are before the court by virtue of process in cases over which the court has jurisdiction are not void, but are binding, though erroneous, until reversed; but such married women or infants may appeal from such judgments within one year after the removal of the disability.

### APPEAL FROM CAMPBELL CHANCERY COURT.

#### February 16, 1876.

OPINION BY JUDGE PRYOR:

The appellee, together with her husband, was made a defendant to the action instituted by Vaughan in the year 1846, and actually served with process. The object of that action was to compel the husband and wife, together with the other defendants, to convey to him the land in controversy. The court rendered a judgment in that action granting the relief, and requiring the parties to make the conveyance. Upon their failure to convey, the commissioner of the court was ordered to make to Vaughan a deed passing to the latter all the title of the appellee and the other defendants, which was done. Vaughan and his vendees have been in the possession of this land since 1843, or upwards of thirty years. This action was not instituted until January, 1874, and whilst the statute of limitations might not have affected the rights of the married woman, still the judgment of the court was binding until reversed, and her only remedy was by an appeal to correct the erroneous judgment or by bill of review instituted within proper time. The judgment was not void, as the court had jurisdiction of the subject-matter and the parties. *Dawson v. Litsey,* 10 Bush 408; *Bourne and Wife v. Simpson,* 9 B. Mon. 454; *Downing's Heirs v. Ford, Sallee, et al.,* 9 Dana 391.

Judgments against infants and *femes covert* when they are before the court by virtue of process in cases over which the court has jurisdiction, are not void, but are binding until reversed. An appeal must be taken within three years next after the rendition of the judgment, unless the party appealing was an infant married woman, or of unsound mind at the time of its rendition; then they may appeal within one year after the removal of the disability, although the three years may have lapsed. Civil Code, Sec. 884. By the Revised Statutes a writ of error should be sued out within three years after judgments, and if the party was laboring under a disability he had two years after its removal in which to prosecute the writ. It has been adjudged that a writ of error and a bill of review for errors apparent on the record are equivalent remedies, and that a bill of review is barred when the right to a writ of error is lost. *Mitchell, et al., v. Berry, et al.,* 1 Met. 602. The appellee's disability was removed in January, 1871, and this action, if it is to be taken as a bill of review, was not instituted until January, 1874. Her right to a writ of error or bill of review was then barred.

The judgment is *reversed* and cause remanded with directions to dismiss the petition.

*E. W. Hankins, for appellant.*
*W. S. Albert, J. R. Hallem, for appellee.*