[S. F. No. 398.   Department One.—March 11, 1896.]

C. A. STORKE, Respondent, *v.* YDA ADDIS STORKE, Appellant.

Divorce—Appeal from Vacated Judgment—Dismissal—Jurisdiction of Superior Court.—The superior court has jurisdiction to vacate a judgment of divorce by other proceedings than a motion for new trial, and an appeal from the judgment taken by the defendant upon whose motion the judgment was vacated, subsequent to the order vacating it, must be dismissed; nor can the question whether the court erred in setting aside the judgment be considered on motion to dismiss such appeal.

Motion to dismiss an appeal from a judgment of the Superior Court of the County of Santa Barbara.   John L. Campbell, Judge.

The facts are stated in the opinion of the court.

*Roger Johnson,* for Appellant.

*T. M. Osmont,* for Respondent.

The Court.—This action was brought by the plaintiff in the superior court for the county of Santa Barbara for a divorce between him and the defendant, and the case was tried and findings therein filed January 14, 1895.   Judgment was thereupon entered January 18, 1895, dissolving the marriage theretofore existing between them, and directing that the plaintiff pay to the defendant the sum of two hundred and fifty dollars alimony and two hundred dollars counsel fees.   The money part of the judgment was paid by the plaintiff

and received by the defendant, and on the 6th of November, 1895, the defendant filed a petition to vacate and set aside the judgment thus entered; and, the plaintiff having answered the said petition, the matter was heard by the court, and an order made by it and entered in its minutes January 7, 1896, "that said findings, decision, and decree, and judgment in favor of plaintiff, and against the defendant, Yda Addis Storke, filed and entered on the fourteenth day of January, 1895, and the said decree and judgment in favor of plaintiff, C. A. Storke, and against defendant, Yda Addis Storke, filed and entered January 18, 1895, decreeing a divorce between said plaintiff and said defendant, be, and each of them are, hereby vacated and set aside."

January 16, 1896, the defendant appealed to this court from that portion of the aforesaid judgment of January 18, 1895, decreeing a divorce between her and the defendant. The respondent now moves to dismiss the appeal upon the ground that, at the time the appeal was taken, the superior court had made the aforesaid order vacating the said judgment, and that there was no existing judgment from which an appeal could be taken.

The motion must be granted. The defendant cannot, after having had the judgment set aside upon her own motion, treat the same judgment as valid for the purpose of having it reviewed upon an appeal. She does not question the sufficiency of the order vacating the judgment, if, indeed, it would be competent for her to dispute an order made upon her own motion, and her attorneys have filed an affidavit upon this motion, in which they state that "they are of opinion that said order is just, and was properly made," but that this appeal is taken out of abundant caution, so that, if the order vacating the judgment should be reversed, she may still have an opportunity to secure a reversal of the judgment in this court. Upon this motion we cannot, however, consider whether the court erred in making

the order setting aside the judgment, any more than we could in a case where the court has granted a new trial and thereby vacated a judgment previously entered. The record upon this motion contains findings by the court of many facts and circumstances which induced. it to make the order, but they are immaterial for the purpose of determining the effect to be given to the order. Only the order itself can be considered on this motion. It is within the jurisdiction of the superior court to vacate a judgment entered by it by other proceedings than a motion for a new trial. If it has committed error in thus vacating the judgment, it can be corrected on a direct appeal, but on a collateral attack the order will be deemed to have been properly made.

The appeaf is dismissed.