[L. A. No. 206.   Department One.—February 12, 1897.]

## C. A. STORKE, APPELLANT, v. YDA ADDIS STORKE, RESPONDENT.

DIVORCE—JUDGMENT FOR HUSBAND — WIFE'S MOTION FOR NEW TRIAL—
COSTS OF TRANSCRIBING EVIDENCE — ORDER AGAINST HUSBAND —
REMEDY — VACATION OF JUDGMENT — JURISDICTION. — The superior
court has authority to direct the husband, who has a judgment in
his favor in an action for divorce, to pay the costs of the transcrip-
tion of the evidence by the phonographic reporter, and may enforce
"the order by any remedy applicable to the case"; but the hus-
band, having acquired a right in the judgment for divorce, cannot be
deprived thereof except by such proceedings as would authorize a court
to vacate or set it aside in any other action, and it is not a remedy ap-
plicable to the case to vacate the judgment for nonpayment of the
costs ordered to be paid by the husband, and the court has no juris-
diction to vacate the judgment on that ground, or to vacate it on mere
motion after the lapse of more than six months from its entry.

ID.—DUTY OF COURT TO SETTLE STATEMENT FOUND CORRECT.—When the
court finds that the statement prepared by defendant's counsel repre-
sents as correctly as possible the proceedings had on the trial of the
case, its proper course is to settle the same accordingly, without com-
pelling the transcription of the evidence by the phonographic reporter,
and upon such settled statement to hear and pass upon the motion.

APPEAL from an order of the Superior Court of Santa
Barbara County setting aside and vacating a judgment.
JOHN L. CAMPBELL, Judge, presiding.

The facts are stated in the opinion of the court.

*B. F. Thomas*, and *A. A. Oglesby*, for Appellant.

The court had no jurisdiction to set aside the find-
ings and decree, as more than six months had elapsed
since their entry. (Freeman on Judgments, sec. 100; 2
Bishop on Marriage, Divorce, and Separation, sec. 1532;
*People* v. *Dodge*, 104 Cal. 493; *Casement* v. *Ringgold*, 28
Cal. 336; *Shaw* v. *McGregor*, 8 Cal. 521; *Robb* v. *Robb*, 6
Cal. 21; *Bell* v. *Thompson*, 19 Cal. 706; *Egan* v. *Egan*,
90 Cal. 15; *Knowlton* v. *MacKenzie*, 110 Cal. 183; *Moore*
v. *Superior Court*, 86 Cal. 495; *Wakelee* v. *Davis*, 62 Cal.
514.) The entry of final judgment terminates the juris-
diction of the court over the cause and the parties,

except as otherwise expressly provided by law. (*Los Angeles* .v. *Lankershim,* 100 Cal. 525; *Condee* v. *Barton,* 62 Cal. 1; *Bate* v. *Miller,* 63 Cal. 233; *Wunderlin* v. *Cadogan,* 75 Cal. 618; *Smith* v. *Taylor,* 82 Cal. 544; *Brady* v. *Burke,* 90 Cal. 1; *Knowlton* v. *MacKenzie, supra;* 1 Black on Judgments, secs. 306, 313; Stewart on Marriage and Divorce, sec. 366.)

*Grant Jackson, Thomas McNulta,* and *S. E. Crow,* for Respondent.

The court had jurisdiction to vacate the findings and decree of divorce, and to make the order of January 3, 1896. (2 Bishop on Marriage, Divorce, and Separation, 4th ed., sec. 395; 1 Am. & Eng. Ency. of Law, 473; Stewart on Marriage and Divorce, sec. 386; *Purcell* v. *Purcell,* 3 Edw. Ch. 194; *Cohen* v. *Cohen,* 11 Misc. Rep. 704; 32 N. Y. Supp. 1082; *Frickel* v. *Frickel,* 24 N. Y. Supp. 483; *Rublinsky* v. *Rublinsky,* 24 N. Y. Supp. 926, *Mangles* v. *Mangles,* 6 Mo. App. 481; *Park* v. *Park,* 80 N. Y. 156; *State* v. *St. Louis Court of Appeals,* 99 Mo. 216; *Graves* v. *Graves,* 2 Paige Ch. 62; *Jenkins* v. *Jenkins,* 69 Ga. 483; *Sanchez* v. *Sanchez,* 21 Fla. 346; *Wright* v. *Wright,* 1 Edw. Ch. 62; *Hammond* v. *Hammond,* 1 Clarke Ch. 151.) The court had the authority to direct plaintiff to pay defendant all money necessary to enable her to appeal, move for a new trial, or carry on her defense in such other manner as she may be advised. (*Bohnert* v. *Bohnert,* 91 Cal. 428; *Ex parte Winter,* 70 Cal. 291; *Larkin* v. *Larkin,* 71 Cal. 330; *Halsted* v. *Halsted,* 11 Misc. Rep. 592; 32 N. Y. Supp. 1080; *Wolff* v. *Wolff,* 102 Cal. 433; Civ. Code, sec. 137.) The action is pending until one year has elapsed after entry of judgment. The jurisdiction over the parties remains through the further steps regularly taken, and the action is in no sense or respect ended. (*McBride* v. *McBride,* 119 N. Y. 519; *McBride* v. *McBride,* 55 Hun, 401; *Halsted* v. *Halsted, supra; Bohnert* v. *Bohnert, supra; Larkin* v. *Larkin, supra; Reilly* v. *Reilly,* 60 Cal. 624; Code Civ. Proc., sec. 1049.) A motion for a new trial or petition to

vacate under section 473 of the Code of Civil Procedure
for fraud or mistake are not the only ways to have a
judgment vacated. (*Storke* v. *Storke*, 111 Cal. 514; Code
Civ. Proc., sec. 187; Stewart on Marriage and Divorce,
sec. 420; Civ. Code, sec. 137; *State etc.* v. *St. Louis Court
of Appeals, supra; Mawson* v. *Mawson,* 50 Cal. 542;
*Thompson* v. *White,* 63 Cal. 505, 507; *Golden Gate etc.
Co.* v. *Superior Court,* 65 Cal. 187; *Comstock* v. *County of
Yolo,* 71 Cal. 599; *Estudillo* v. *Meyerstein,* 72 Cal. 317;
*Kearney* v. *Kearney,* 72 Cal. 591; *Brown* v. *Starr,* 75 Cal.
163; *Estate of Hinckley,* 58 Cal. 457.)

HARRISON, J.—The superior court rendered a judg-
ment herein which was entered January 18, 1895,
by which it was decreed "that the marriage between
the said plaintiff and the said defendant be dissolved,
and the same is hereby dissolved, and the said par-
ties are, and each of them is, freed and absolutely
released from the bonds of matrimony and all ob-
ligations thereof; and it is further ordered, adjudged,
and decreed that the plaintiff pay to the defendant the
sum of two hundred and fifty dollars alimony, and two
hundred and fifty dollars counsel fees." February 12,
1895, the court, upon the application of the defendant
setting forth that she desired to move for a new trial,
and to appeal from the order denying the same if it
should be denied by the court, and that it was neces-
sary to have the testimony written out, and that she
had no means to pay for the same, ordered that the
plaintiff pay to the defendant on or before the eighteenth
day of February, 1895, the sum of three hundred and
fifty dollars to defray the cost of transcribing said testi-
mony. The defendant gave notice of her intention to
move for a new trial February 12th, and on March
28th, within the time allowed therefor by the court,
presented and served upon the plaintiff her proposed
statement on motion for a new trial. Amendments
thereto were proposed by the plaintiff, and the judge
before whom the cause was tried designated May 8th

as the day on which he would settle the statement. On that day the matter came on for settlement, and the judge continued the same until July 8th, reciting in his order of continuance the previous order requiring the plaintiff to deposit with the clerk three hundred and fifty dollars, and that, "through his inability to comply with said order," the plaintiff had not deposited the same. No further proceedings appear to have been taken toward a settlement of the statement, and on November 6th the defendant presented her petition to the superior court, setting forth the foregoing facts, and stating that she has been advised by her counsel that she has substantial grounds upon which to make a motion for a new trial, but that she has not the means to defray the expense thereof or to procure a transcription of the reporter's notes, and "that plaintiff is now, and at all times since the eighteenth day of February, 1895, has been, unable to pay her the money necessary to procure the said testimony," and asked that said judgment be vacated and set aside. Notice of this application was given to the plaintiff, and, after hearing the parties thereon, the court made an order that "the said decree and judgment in favor of plaintiff, C. A. Storke, and against defendant, Yda Addis Storke, filed and entered January 18, 1895, decreeing a divorce between said plaintiff and defendant, be, and each of them are, hereby vacated and set aside." From this order the present appeal has been taken. The court, also, at the time of making its order, made certain findings of fact as the basis thereof, in which it found "that the statement on motion for a new trial prepared by defendant's attorney, and presented and served as in the preceding finding mentioned and found, represented as correctly as possible the proceedings had on the trial of said cause," but that the judge was unable to settle the said statement without having the testimony written out, and also "that the plaintiff is now, and at all times since the eighteenth day of February, 1895, has been, unable to pay defendant the money necessary to procure the said testimony."

The authority of the court to direct the plaintiff to pay to the defendant such money as it might deem necessary to enable her to prosecute her motion for a new trial, or for an appeal, is well settled (*Bohnert* v. *Bohnert*, 91 Cal. 428), and it may enforce its order by any remedy "applicable to the case." (Civ. Code, sec. 140.) After the court had rendered judgment in favor of the plaintiff upon the issues presented in the case, and such judgment had been entered in the records of the court, it could not be vacated or set aside except by such proceedings as would authorize a court to vacate or set aside a judgment in any other action. The plaintiff had thereby acquired a right of which he could be divested only in the mode provided by law. When the court had found that, by reason of acts of cruelty on the part of the defendant the plaintiff was entitled to a judgment of divorce from her, and had caused such judgment to be entered in its records, it had no jurisdiction to vacate or set aside that judgment unless it should determine that it had been rendered through some error, either of law or fact, or by reason of some inadvertence or excusable neglect. It could not disturb or change the rights of the parties, as thus determined, by reason of any facts or transaction occurring subsequent to the rendition of the judgment. And, while it had authority to direct the plaintiff to pay further alimony pending a motion for a new trial, an order vacating the judgment would not be a remedy "applicable" for the enforcement of such order, for the reason that the rights of the parties, as fixed by the judgment, could be changed only in the mode prescribed by the statute. The authority of the court to vacate a judgment on mere motion is limited by section 473 to six months after its entry (*Brackett* v. *Banegas*, 99 Cal. 623), whereas in the present case more than nine months had elapsed before the present motion was made.

When the court found that the statement which had been prepared by defendant's counsel represented "as

correctly as possible the proceedings had on the trial of said cause," its proper course was to settle the same accordingly. The motion for a new trial could then have been heard, and, if the court should have been of the opinion that its former judgment was incorrect, it could have acted accordingly.

The order is reversed.

VAN FLEET, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank, and filed the following opinion on the 16th of March, 1897.

BEATTY, C. J.—I dissent from the order denying a rehearing of this case, not because I consider that the propositions discussed in the department opinion are incorrectly decided, but because I think that the plaintiff is estopped by his own acts to ask a reversal of the order appealed from. When that order was made the defendant, at whose instance it was made, became so doubtful of its validity that she deemed it a necessary precaution to take an appeal from the judgment, and that appeal was dismissed by this court, upon motion of the plaintiff on the ground that the judgment having been set aside, there was nothing to appeal from. (*Storke* v. *Storke*, 111 Cal. 514.) Having succeeded in depriving her of a hearing upon the merits of her appeal from the judgment on the ground that there was no judgment in existence when her appeal was taken, the plaintiff has now succeeded in obtaining a decision that the order vacating the judgment was void, and in effect that the judgment has all the time been in full force; or, if this is not the meaning of the decision, the plaintiff has at least succeeded in having the judgment restored to life after the defendant's right of appeal has been taken away upon his suggestion that an appeal from a vacated judgment could not be taken.

I am entirely agreed with the court that the order
setting aside the decree of divorce was invalid and that
it ought to have been reversed, except for the fact that
the plaintiff adopted it, and necessarily asserted its
validity in moving to dismiss the former appeal.  Hav-
ing taken that position, and having deprived the de-
fendant of her right of appeal, upon the theory that
there was no judgment, he should not be allowed now
to claim as against her that there is a judgment.

It is but just to counsel for plaintiff to say that in
presenting their motion to dismiss the defendant's ap-
peal, they were perfectly frank with the court.  They
kept nothing back.  Everything connected with the
making of the order vacating the decree of divorce was
as fully presented then as it is in this record, so that
the invalidity of the order was just as apparent then as
it is now.  And their purpose to have it reversed upon
appeal (this appeal) was distinctly avowed.  In other
words, they told the court plainly that they intended
to rely on the order vacating the decree only so long as
it was useful to them for the purpose of depriving the
defendant of her right of appeal, and, as soon as that
purpose was accomplished, they would ask us to annul
the order and put the judgment in full force.

The answer the court ought to have made to this
proposition is obvious; counsel should have been plainly
informed that they would not be allowed to blow hot
and cold about the order as might suit their convenience;
that they would be required to take one position or the
other, as to its validity, once and for all; that if they
asserted its validity for the purpose of dismissing the
defendant's appeal, they would not afterward be heard
to question its validity for the purpose of enforcing
their judgment, and that if they asserted or intended to
assert its invalidity, or procure its reversal, they should
not be allowed to dismiss, as superfluous, an appeal
which might be the only means of vindicating the
rights of the defendant.

That the court did not make this answer to the plaintiff's motion, does not, however, excuse the plaintiff. He sought the order, and, notwithstanding it ought to have been denied on his own showing, he obtained it and all the advantages flowing from it, and it does not lie in his mouth to say that the court made a mistake in granting his request. Having, by the aid of the court cut off his adversary from her right of appeal, upon the theory that there was nothing to appeal from, he should not be heard to say that this was an erroneous theory, or allowed to take any proceeding in this forum to put in force a judgment against her from which he induced us to say she had no need to appeal.

It is suggested that this reasoning may be turned against the defendant; that she, in appealing from a judgment which upon her motion had been vacated by the trial court, was just as inconsistent as the plaintiff has been, in relying upon the order for one purpose, and then seeking to set it aside after taking advantage of it. But the difference between the two cases is obvious. Defendant took two proceedings to accomplish the same object—i. e., to set aside the judgment, and the most that can be said is that if the first was effective the second was superfluous. She did not, by either step, seek to deprive the plaintiff of any legal remedy for the enforcement of his rights. Doubting the efficiency of one order, she sought another, of the efficiency of which there could be no doubt. Her appeal from the judgment was an avowal of her distrust of the order. The order had not harmed the defendant or induced him to change his position in any respect, or forego any advantage. To justify plaintiff's change of front on the ground that he is only following in the path where the defendant led the way, is to confound the distinction between the act of a party who takes a perfectly proper proceeding to accomplish a legitimate end, and the party who says to the court, you must not allow this lawful means of redress to my adversary, because she has

sought redress by another means; and who announces in the same breath his claim, and his intention to enforce it, that the former proceeding was inefficacious.

If it be said that the judgment on the former appeal (111 Cal. 514), and that on the present appeal are consistent, because when the defendant took her appeal from the judgment no appeal had been taken from the order vacating it, and therefore there was no judgment to appeal from, I say that this proposition is answered by all the reasoning of the court in *Pierce* v. *Birkholm,* a decision by the court in Bank, reported in 110 Cal. 669.

In that case the plaintiff had obtained an order for a new trial, from which the defendant had appealed; whereupon the plaintiff appealed from the judgment which, upon his motion, had been vacated by the order granting a new trial. A motion was made by the defendant to dismiss the plaintiff's appeal from the judgment, upon the ground that when the appeal was taken there was no judgment in existence. But the motion was denied. It is true that this case differs from that in the fact that the appeal from the judgment was taken before the appeal from the vacating order; but that is a wholly immaterial circumstance. A vacating order is just as much in suspense until the time for appeal has elapsed, as it is after a timely appeal has been taken. To hold otherwise would be to make a distinction where there is no difference, and to put it in the power of a party to do just what he was not allowed to do in *Pierce* v. *Birkholm, supra,* in every case in which an order granting a new trial is made less than sixty days before the expiration of a year from the judgment.

It may be said that the only effect of this argument, if sound, is to prove that the former decision was wrong, and the present decision correct. This is very true, but it remains equally true that a party who has obtained an advantage over his adversary by an erroneous decision which he has invoked, should not be allowed to escape any of the consequences of that decision in the

same litigation, with the same adversary, in the same forum, when it is no longer in his power, or that of the court, to restore the right which has been taken away. If the principle of estoppel means anything, this was a case for its application.