[L. A. No. 767.   Department One. — March 29, 1901.]

C. A. STORKE, Appellant, v. YDA ADDIS STORKE, Respondent.

132   349
135   620

132 349
138 562

DIVORCE — PRESUMPTION IN FAVOR OF DECREE — MOTION FOR NEW TRIAL — ALLOWANCE TO WIFE FOR TRANSCRIPT — INABILITY OF HUSBAND — DISMISSAL FOR LACHES. — A decree of divorce from the wife, granted to the husband for her fault, must be presumed correct; and she cannot keep open indefinitely a motion for a new trial, merely because an allowance was made to her for a transcript of the evidence, which the husband was wholly unable to pay.   It was her duty to prosecute her motion with reasonable diligence; and where she made no effort to secure a settlement of a statement upon the motion for more than four years, the motion should be dismissed for laches.

ID. — ACCEPTANCE OF MONEY GRANTED BY DECREE — WAIVER OF RIGHT. — One who receives the benefit of a decree must bear the burden thereof, and thereby waives all right of appeal therefrom; and where the wife accepted alimony granted by the decree, she thereby waived her right to object to the decree, and to move for a new trial of the action; and her motion should be dismissed on that ground, as well as for laches in prosecuting the same.

APPEAL from an order of the Superior Court of Santa Barbara County denying a motion to dismiss a motion for new trial.   M. T. Allen, Judge presiding.

The facts are stated in the opinion.

B. F. Thomas, for Appellant.

Yda Addis Storke, Respondent, in pro. per.

COOPER, C.— This appeal is from an order denying a motion made by plaintiff to dismiss the defendant's motion for a new trial.

On the 16th of January, 1895, the court made and caused to be entered a final judgment dissolving the bonds of matrimony existing between plaintiff and defendant, upon the ground of defendant's extreme cruelty.   This judgment awarded defendant $250 for alimony and $200 for attorney's fees and costs.   After the entry thereof, and before any notice of intention to move for a new trial had been given, plaintiff paid to defendant, and defendant accepted, the said $450 so

awarded to her by the judgment. On February 12, 1895, the defendant served a notice of intention to move for a new trial. The notice specified that the motion would be made upon a statement of the case. Thereupon the court, upon the application of the defendant, ordered that the plaintiff pay to the defendant on or before the 18th of February, 1895, the sum of $350 to defray the cost of transcribing the testimony in the case. On March 28th, the defendant presented and served upon the plaintiff her proposed statement on motion for a new trial. After amendments were proposed by plaintiff, the judge designated May 8th as the day on which he would settle the statement. On that day the matter came on for settlement, and the judge continued the hearing until July 8th, reciting in his order of continuance the previous order requiring the plaintiff to pay $350 for transcribing the testimony, and that "through his inability to comply with said order," the plaintiff had not paid the same. No further proceedings have ever been taken toward the settlement of said statement, nor does it appear that plaintiff has ever had the ability to pay the said $350. On November 6, 1895, the defendant filed a petition, setting forth the above facts, that she had not the means to pay for transcribing the testimony, and "that plaintiff is now, and at all times since the eighteenth day of February, 1895, has been, unable to pay her the money necessary to procure the said testimony," and asked that the said judgment be vacated and set aside. After notice and hearing, the court made an order setting aside the decree and judgment on account of the failure of the plaintiff to pay the $350 which the court found he had not the ability to pay. On January 16, 1896, the defendant appealed from that portion of the judgment decreeing a divorce between herself and the plaintiff. This appeal was dismissed here upon the ground that the judgment having been vacated on defendant's motion, she could not appeal from such vacated judgment. (*Storke* v. *Storke*, 111 Cal. 514.) The plaintiff appealed from the order vacating and setting aside the judgment, and the order was reversed by this court. (*Storke* v. *Storke*, 116 Cal. 50.)

In the opinion this court said: "When the court found that the statement which had been prepared by defendant's counsel represented as correctly as possible the proceedings had on the trial of said cause, its proper course was to settle the same accordingly." It was held that the court had no right to

vacate the judgment, unless in proper proceedings it should determine that the judgment had been rendered upon some error of law or fact, or by reason of some inadvertence or excusable neglect; that it could not disturb or change the rights of the parties, as determined by the judgment, by reason of facts or transactions occurring subsequent to the rendition thereof. The opinion was filed February 12, 1897.

The defendant has taken no further steps to have said statement settled, or said motion brought to a hearing.

On March 30, 1899, the plaintiff served notice of motion to dismiss defendant's motion for a new trial on the grounds, among others, that defendant has received all the money awarded to her by the said judgment, and thus waived her right to move for a new trial, and laches in prosecuting the same.

The notice of motion was accompanied by affidavits setting forth the above facts in substance. The defendant filed a counter-affidavit, in which she set forth "that the only reason why the defendant has failed to prosecute her motion for a new trial is the fact that the said plaintiff has failed and refused to comply with the repeated orders of this court to pay to defendant alimony, and thereby enable her to present said motion." There is no attempt made in defendant's affidavit to show that there is any merit in her pending motion, or that she is prosecuting it in good faith. She asks for the sum of $350 to pay for transcribing the evidence, and for the further sum of $500 to pay counsel fees and expenses in prosecuting the motion. No pretense is made that she has ever tried to have the statement settled. The matter came on for hearing on the notice, affidavits, and the record on April 4, 1899, and the court made an order denying the motion.

We think the motion should have been granted upon both grounds herein stated. The court found by the judgment that defendant had been guilty of extreme cruelty, and that plaintiff was entitled to a divorce. The presumption is that the judgment is correct. It has become final, except as affected by the motion for a new trial. More than five years have elapsed since its entry. The court found that plaintiff was unable to pay the $350. It was held here that the court could not enforce the payment of the $350 by setting the judgment aside. Neither can it enforce it by keeping a motion designed to vacate it pending forever. This is not a remedy "appli-

cable" to the enforcement of the order. The plaintiff might have been compelled by contempt proceedings, by execution, or other appropriate remedy, to comply with the order for the payment of the $350, if he had the ability to do so. But the court, on the motion to vacate the judgment, found that plaintiff did not have the ability to pay it. Because plaintiff is unable financially to furnish defendant means to attack the judgment, it is not to be kept open forever. It is not like a case where plaintiff is seeking a divorce upon grave charges against defendant, and the court makes an order for the payment of a sum to enable defendant to protect her rights and present her defense. In such case the presumption is in favor of defendant. Here the presumption is in favor of the correctness of the judgment.

The rule is well settled in this state that a motion for a new trial must be prosecuted with due diligence. In *Eckstein* v. *Calderwood*, 27 Cal. 414, the statement was settled by the court in May, 1863. The motion not having been prosecuted, the respondent made a motion in December, 1863, to dismiss it for want of diligence in prosecuting it. The court granted the motion, and the order was affirmed here.

In *Boggs* v. *Clark*, 37 Cal. 239, the statement was settled and filed August 6, 1867. The moving party not having taken any steps to prosecute the motion, it was dismissed for want of diligence, in October, 1867. The order dismissing was affirmed here on appeal.

In this case there is no excuse for the delay, except that plaintiff cannot pay $350 to defendant, against whom he has a judgment.

Another reason exists why the motion for a new trial should be dismissed. Defendant accepted the part of the judgment that was beneficial to her. It was a final judgment, and by its terms gave her $450. This sum was based upon the findings, and was the result of the litigation. Defendant took the $450, and now seeks to attack the judgment through which she received it. This she cannot do. Having taken the benefit, she must bear the burden. The amount of this judgment was not large, but the principle is the same. It may have been as great a hardship to plaintiff to have paid the $450 as it would be to a wealthy man to pay $450,000. If the defendant should procure a new trial, she would still have the $450,

and plaintiff would not have his divorce. If she has used it, or is otherwise unable to pay it back, the plaintiff cannot be placed in the same condition in which he was before the trial.

The principle is well settled that a party accepting and receiving the portion of the judgment beneficial to him cannot appeal from it. (*Bennett* v. *Van Syckel*, 18 N. Y. 481; note to *Clark* v. *Ostrander*, 13 Am. Dec. 548; 2 Freeman on Judgments, sec. 480a; *People* v. *Burns*, 78 Cal. 646; *In re Baby*, 87 Cal. 202;[1] *Estate of Shaver*, 131 Cal. 219.)

The above principle was applied by the supreme court of Indiana in *Garner* v. *Garner*, 38 Ind. 139, where the party against whom a decree of divorce was granted married. After his marriage he appealed, and his appeal was dismissed. The court said, in the opinion, "It seems to be the law that a party cannot be relieved from a judgment of divorce after he has used the privilege of the judgment. Having availed himself of the benefits of the decree or judgment, he must bear its burdens."

In *Bourne* v. *Simpson*, 9 B. Mon. 454, the husband brought suit against the wife for divorce, which was granted. The decree gave her a negro man, woman, and child, two beds, a French bedstead, a horse, one hundred dollars, and a piano. She received and used all the property, except the piano. She afterwards claimed the right to dower in certain lands of which the husband was seised during coverture. The court, in the opinion, said, "Having used all the privileges conferred on her by the decree, she is too late in complaining of its burdens, if any such exist."

The rule is well stated in Baylies on New Trials and Appeals, p. 18, sec. 7: "A party may also waive his right to appeal from a judgment or order by acts which are wholly inconsistent with the assertion of the right. Thus if all the provisions of a judgment are connected and dependent, so that a part cannot be reversed without a reversal of the whole, a party cannot proceed to enforce such portions of the judgment as are in his favor, and appeal from the part which is against him. In such case the right to proceed on the judgment and enjoy its fruits, and the right to appeal, are not concurrent, but wholly inconsistent, and an election to assert one right is a waiver and renunciation of the other."

[1] 22 Am. St. Rep. 239.

The order should be reversed and the court below directed to dismiss the motion.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order is reversed and the court below directed to dismiss the motion.

Garoutte, J., Van Dyke, J., Harrison, J.