[S. F. No. 3403.   Department One.—March 10, 1903.]

FIRST NATIONAL BANK OF MODESTO, Appellant, v. O. L. WAKEFIELD, Administrator, etc., et al., Respondents.

FORECLOSURE OF MORTGAGE—SALE—JUDGMENT UPON COUNTERCLAIM—APPEAL—MOTION TO DISMISS.—The enforcement by sale of a decree for the foreclosure of a mortgage by a bank against the administrator and heirs of a deceased mortgagor, waiving all claim against his estate, cannot preclude an appeal by the bank from a judgment in favor of the administrator upon a counterclaim for the recovery of one thousand dollars left on deposit with the bank by the deceased, alleged to have been wrongfully applied by the bank as a credit upon the secured note; and a motion to dismiss such appeal on the ground that the bank has lost its right of appeal, by the enforcement of the judgment in its favor, must be denied.

MOTION to dismiss an appeal from a judgment of the Superior Court of Stanislaus County. L. W. Fulkerth, Judge.

The facts are stated in the opinion of the court.

W. H. Hatton, for Appellant.

C. W. Eastin, for Respondents.

ANGELLOTTI, J.—Motion of defendants to dismiss appeal from judgment, upon the ground that plaintiff "has abandoned and forfeited its said appeal and the whole thereof, and has lost the right to said appeal and the further prosecution thereof, and is estopped from further prosecuting said appeal."

The plaintiff bank commenced an ordinary action for the foreclosure of a mortgage given by Joseph Knowles to secure a note against defendant administrator and the heirs of decedent, waiving all recourse against other property of the estate. The defendants answering, alleged, by way of counterclaim, that the plaintiff had wrongfully applied one thousand dollars, on deposit with it to the credit of said Knowles, on account of the payment of said note, and asked judgment therefor. The action was tried and judgment

given in favor of plaintiff for the foreclosure of the mortgage, the court finding that the sum of $4,046.24 was due thereon. The court, in the same judgment, finding that the plaintiff had wrongfully applied the one thousand dollars on deposit with it to the credit of Knowles, on said secured note, as alleged, ordered that the defendant administrator recover from plaintiff for the estate of Knowles the said sum of one thousand dollars, with interest.

Plaintiff appealed from the judgment in favor of the defendant administrator for one thousand dollars, and from the judgment in its favor in so far as it adjudged that there was due plaintiff $4,046.24, and that said sum of $4,046.24 was a valid lien upon the land covered by the mortgage, and in so far as it directed the sheriff to pay plaintiff out of the proceeds of the foreclosure sale the said sum of $4,046.24.

So far as the judgment in its favor was concerned, plaintiff by its appeal was seeking to review only those portions thereof fixing the amount secured by the lien of the mortgage, its claim undoubtedly being that the one thousand dollars on deposit had been by it properly applied on account of the mortgage debt, that it should be allowed to retain the same as a payment on such debt, and that the amount adjudged due on the mortgage debt was therefore excessive in the sum of one thousand dollars. The plaintiff some time thereafter proceeded to enforce the portion of the judgment decreeing a foreclosure of the mortgage. An order of sale was procured, and the sheriff thereunder sold the mortgaged property, the plaintiff becoming the purchaser for the sum of two thousand dollars. In due time plaintiff received the sheriff's deed for the property and took possession. No claim is made that the mortgaged property did not bring its full value at the sheriff's sale, and it does not appear that defendants moved to set aside the sale for any cause. Under these circumstances defendants claim that plaintiff is estopped from further prosecuting its appeal, relying upon the well-established rule that the right to accept the fruits of a judgment or order and the right to appeal therefrom are not concurrent, but are wholly inconsistent, and an election of either is a waiver and renunciation of the other.

We are of the opinion that the rule relied on does not sustain defendants' contention. It is said in *Storke* v. *Storke,*

132 Cal. 349, that the rule referred to is well stated in Baylies on New Trials and Appeals (p. 18, sec. 7) as follows: "A party may also waive his right to appeal from a judgment or order by acts which are wholly inconsistent with the assertion of the right. Thus if all the provisions of a judgment are connected and dependent, so that a part cannot be reversed without a reversal of the whole, a party cannot proceed to enforce such portions of the judgment as are in his favor, and appeal from the part which is against him. In such case the right to proceed on the judgment and enjoy its fruits, and the right to appeal, are not concurrent, but wholly inconsistent, and an election to assert one right is a waiver and renunciation of the other." It is apparent that the provisions of this judgment are not so connected and dependent that a part cannot be reversed without a reversal of the whole. There are in fact contained in this judgment two distinct and separate judgments, one for the plaintiff for the foreclosure of a mortgage lien, the other for the defendant for the recovery of a sum of money. It is not disputed that plaintiff had the right to enforce the lien for the amount due on his note, against the mortgaged property. Defendants have not appealed from the judgment.

It is clear that the whole controversy is about the one thousand dollars, it appearing that, on subsequent foreclosure sale, the mortgaged property, to which alone the plaintiff could resort for the payment of its claim, brought only two thousand dollars—less than half the amount adjudged due on the mortgage note. Plaintiff's only attack upon the judgment of foreclosure is, that the amount is excessive, and this attack is clearly made simply for the purpose of preserving its rights on the appeal from the judgment against it for one thousand dollars, and making it possible to reduce the amount adjudged a lien by one thousand dollars, in the event that the judgment for one thousand dollars against it is reversed. It is, of course, entirely immaterial in this case, where no personal judgment is sought, and all recourse against other property is waived, whether it be ultimately determined that there was in fact $4,046 or $3,046 due thereon, for in either event the property covered by the mortgage was insufficient to pay the same, and the judgment would be fully satisfied by the sheriff's sale, regardless of the amount brought.

Nor can the enforcement of the judgment of sale in any way prejudice defendants, so far as their one-thousand-dollar claim against plaintiff is concerned, or in any other respect. If it be ultimately determined in their favor, they will recover it, and if determined against them, it will be so determined by reason of the conclusion that prior to the commencement of this action it had been properly paid to plaintiffs on account of the secured note. It is a separate and distinct matter from the foreclosure portion of the decree, and, under the circumstances of this case, we see nothing inconsistent in the plaintiff's enforcement of that portion of the judgment decreeing a sale of the mortgaged property from which no appeal was taken by any one, and at the same time pursuing its appeal on the one-thousand-dollar claim of defendants. These conclusions are not in conflict with any of the cases cited by defendants. It is urged, though not specified in the notice of motion, that the appeal must be dismissed for the failure of appellant to file its transcript on appeal. The stipulation set forth on page six of the affidavit of W. H. Hatton, which is not denied, is a sufficient answer to this contention. Under that stipulation the plaintiff is given forty days from and after the decision of the superior court granting or denying plaintiff's motion for a new trial within which to file its transcript, and the motion for a new trial is still pending, undetermined.

The motion to dismiss the appeal is denied.

Shaw, J., and Van Dyke, J., concurred.

Hearing in Bank denied.