[Civ. No. 2209.    Second Appellate District.—February 1, 1917.]

## EFFIE G. McCALEB, Respondent, v. WILLIAM H. Mc-CALEB, Appellant.

ACTION FOR DIVORCE—DENIAL OF DECREE—AWARD OF ALIMONY—EFFECT OF ACCEPTANCE—WAIVER OF RIGHT OF APPEAL.—Where, in an action for divorce, a decree is denied to both parties, but an award of alimony is made to the wife, her acceptance of the payments of the alimony awarded estops her from making a motion for a new trial for the purpose of having the judgment reviewed on appeal.

ID.—JUDGMENT—PART ACCEPTANCE—APPEAL FROM REJECTED PORTION—RULE.—Where the different provisions of a judgment are so connected that a part cannot be reversed without a reversal of the whole, a party is not permitted to enforce the provisions of the judgment in his or her favor and appeal from the adverse portions thereof.

APPEAL from an order of the Superior Court of Santa Barbara County denying a motion to dismiss and denying a motion for a new trial.   Leslie R. Hewitt, Judge presiding.

The facts are stated in the opinion of the court.

B. F. Thomas, for Appellant.

Canfield & Starbuck, and E. W. Squier, for Respondent.

JAMES, J.—In this action for divorce there are a complaint and cross-complaint and answers made to each.   The case advanced to trial and evidence was introduced; whereupon the court made its findings of fact and judgment decreeing that neither party was entitled to a divorce.

Included in the decree was a provision giving to the wife alimony in the following terms: "That while the plaintiff and defendant continue to live separate and apart, that the defendant shall pay to the plaintiff the sum of ten dollars per month from and after the entry of this decree.   That the payment of said allowance may be secured by a valid lien on any of the community or separate property of the defendant as the plaintiff and defendant may agree upon, and in case they cannot agree upon such security and lien, then this court shall determine what property the defendant shall convey in

trust to a trustee selected by this court, sufficient of said separate or community property as security for the payment of said allowance until the further order of this court.'' The plaintiff, following the entry of judgment, proceeded to give notice of her intention to move for a new trial. Thereafter, on October 28, 1913, the defendant gave notice of his motion to have an order made denying and dismissing the plaintiff's motion for a new trial on the ground that plaintiff had accepted the payments of ten dollars per month for four months next preceding the date of the notice. This motion was supported by the uncontradicted affidavit of the defendant showing the payments to have been made and received as stated. Defendant's motion to dismiss plaintiff's proceeding for a new trial was denied, and this appeal was taken from that order.

The point urged by the appellant is that the plaintiff having accepted the benefit of the judgment in so far as it was in her favor, was therefore estopped to have the judgment reviewed on appeal, and that she thereby waived her right to an appeal. Primarily, this contention rests upon the well-established rule that where a party accepts satisfaction of a judgment, the judgment then passes beyond review at the instance of the party accepting satisfaction. (*People* v. *Burns,* 78 Cal. 645, [21 Pac. 540] ; *Estate of Baby,* 87 Cal. 200, [22 Am. St. Rep. 239, 25 Pac. 405] ; *Estate of Shaver,* 131 Cal. 219, [63 Pac. 340].) In the cases cited, satisfaction of the whole judgment appears to have been made. In this case the plaintiff proposed to have reviewed the judgment denying her a divorce. If she was successful in such proceeding upon appeal, the reversal of the judgment would set aside not only the determination of the trial judge as made against the plaintiff on her asserted grounds for divorce, but would also set aside the judgment for the payment of alimony. The rule seems to be that where the different provisions of a judgment are so connected that a part cannot be reversed without a reversal of the whole, a party is not permitted to enforce the portions of the judgment in his or her favor and appeal from the adverse portions thereof. (*First Nat. Bank* v. *Wakefield,* 138 Cal. 561, [72 Pac. 151].) The particular case which has been urged as complete authority sustaining appellant's position is that of *Storke* v. *Storke,* 132 Cal. 349, [64 Pac. 578]. That also was an action for divorce and a divorce was granted

to the husband and an award made in the judgment of $250 alimony and two hundred dollars attorneys' fees to the defendant. The defendant accepted payment of the money and at the same time proceeded to prosecute a motion for a new trial. A motion was made by the plaintiff there to dismiss the appeal on the same ground as urged in this case and was denied by the trial court, which order was reversed upon appeal, the court saying: "Another reason exists why the motion for a new trial should be dismissed. Defendant accepted the part of the judgment that was beneficial to her. It was a final judgment, and by its terms gave her $450. This sum was based upon the findings, and was the result of the litigation. Defendant took the $450, and now seeks to attack the judgment through which she received it. This she cannot do. Having taken the benefit, she must bear the burden. The amount of this judgment was not large, but the principle is the same. It may have been as great a hardship to plaintiff to have paid the $450 as it would be to a wealthy man to pay four hundred and fifty thousand dollars. If the defendant should procure a new trial, she would still have the $450, and plaintiff would not have his divorce. If she has used it, or is otherwise unable to pay it back, the plaintiff cannot be placed in the same condition in which he was before the trial. The principle is well settled that a party accepting and receiving the portion of the judgment beneficial to him cannot appeal from it" (citing cases).

This decision seems decisive of the question presented upon this appeal. While we are unable fully to reconcile the holding with the argument of the decision in *First Nat. Bank* v. *Wakefield*, 138 Cal. 561, [72 Pac. 151], we feel bound by the precedent established by the supreme court where the facts and conditions affecting the judgment were so nearly like those presented by this record.

The order denying the motion of the defendant to dismiss plaintiff's motion for a new trial is reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 1, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 2, 1917.