[Civ. No. 15925.   Second Dist., Div. Two.   Apr. 28, 1947.]

ALFRED J. HILL, Respondent, v. BRYAN HOUSTON
HILL, Appellant.

Baldwin Robertson for Appellant.

Hill, Morgan & Farrer, Charles P. McCarthy, Elliott H.
Pentz and William S. Scully for Respondent.

WILSON, J.—▮▮▮▮  By appellant's motion we are asked
to render an advisory or recommendatory opinion whereby
we would be committed in advance on an important question
that may be presented by respondent in his resistance of the
appeal from a judgment in his favor.

An interlocutory decree of divorce was entered on August
23, 1946, in favor of respondent in which appellant was
awarded the sum of $5,690 as attorney's fees in addition to the
amount previously awarded to her and paid by respondent.
On August 29, 1946, respondent forwarded to appellant a
check drawn in her favor for said sum of $5,690.

Appellant has moved this court "for an order directing
that she may receive payment of, and enforce payment of"
said sum "without prejudice to the right of appellant to
prosecute her appeal from all other parts and portions of said
interlocutory judgment of divorce."   The motion is made on
the ground that "appellant and her attorney of record are
entitled to demand and receive said sum without prejudice
to the right of appellant to prosecute her appeal from
all other portions of said interlocutory judgment of di-
vorce. . . ."

In the affidavit of appellant's attorney he states that ap-
pellant "suspecting entrapment, has not accepted, used or

cashed said check for fear that her use thereof might jeopardize this pending appeal and might be used as the basis of a motion by respondent to dismiss her said appeal.''

In respondent's affidavit in opposition to the motion he informs us that he has paid to appellant $4,500 as attorney's fees, $2,144 for the reporter's transcript on appeal, together with other items of costs, and that he has been ordered by the trial court to pay the cost of printing appellant's opening and closing briefs on appeal. The court found that appellant owns separate property consisting of stocks, bonds and cash aggregating $20,524.15. Appellant's application for alimony pending appeal was denied.

In the case of *Storke* v. *Storke*, 132 Cal. 349 [64 P. 578], a decree of divorce was granted to the plaintiff and the defendant was awarded sums for her support and for attorney's fees. The defendant served a notice of intention to move for a new trial. Four years later, the motion not having been heard because of a controversy concerning the preparation of the record, the plaintiff served a notice of motion to dismiss the motion for a new trial which was denied. On appeal the Supreme Court held that it should have been granted upon two grounds, one being that the defendant had accepted money for support and attorney's fees which was the part of the judgment that was beneficial to her, and having taken the benefit she had waived all right of appeal from the judgment. That case was followed in *McCaleb* v. *McCaleb*, 32 Cal.App. 648 [163 P. 1045], where a decree of divorce was denied to both parties but an award for support was made to the wife, payable in monthly sums. After having accepted payment for four months she served notice of intention to move for a new trial. The court held that by acceptance of payments awarded to her she was estopped from making a motion for a new trial for the purpose of having the judgment reviewed on appeal. The case of *Browning* v. *Browning*, 208 Cal. 518 [282 P. 503], was for a divorce and to set aside a property settlement agreement that had been entered into by the parties prior to the commencement of the action. The court granted a divorce to the plaintiff but found against her upon her allegations of fraud on which she based her prayer for setting aside the property settlement agreement and upheld the agreement. The court directed the defendant to pay her attorney's fees, the same to be payable in monthly installments. The plaintiff appealed from the entire judgment excepting the portion awarding her an interlocutory

decree of divorce. The defendant filed a motion to dismiss the appeal on the ground that after the entry of the judgment the plaintiff had received from the defendant monthly payments to which she was entitled under the property settlement agreement, the validity of which she had assailed in her complaint and which had been upheld by the trial court, and had accepted the sum directed by the judgment to be paid on account of costs and attorney's fees. The court denied the motion to dismiss the appeal, distinguishing that case from the cases of *Storke* v. *Storke* and *McCaleb* v. *McCaleb, supra.*

The briefs on the appeal in this action have not been filed. By appellant's motion she asks this court to determine in advance of the making up of the issues on appeal whether we shall, if the question should arise, follow the rule stated in the Storke and McCaleb cases or distinguish those cases from the instant case and follow the decision in *Browning* v. *Browning.*

We have not been cited to any case and we know of none that authorizes an appellate court to inform the litigants what the opinion of the court is upon a question that has not been raised in the action, or what its decision would be if the question should be presented.

Motion denied.

Moore, P. J., and McComb, J., concurred.