[No. C066039. Third Dist. Mar. 1, 2012.]

STOCKTON TEACHERS ASSOCIATION CTA/NEA, Plaintiff and Appellant, v.
STOCKTON UNIFIED SCHOOL DISTRICT et al., Defendants and Respondents.

## Counsel

Driscoll Law Firm, Driscoll & Associates and Thomas J. Driscoll, Jr., for Plaintiff and Appellant.

Kronick, Moskovitz, Tiedemann & Girard, Michelle L. Cannon and Meredith H. Packer for Defendants and Respondents.

## Opinion

**BLEASE, Acting P. J.**—This case involves the rights of public school teachers employed under the provisions of Education Code section 44909, which applies to credentialed employees hired for a categorically funded project.[1]

Plaintiff Stockton Teachers Association CTA/NEA (STA) filed this action on behalf of nine of its members who were laid off by defendant Stockton Unified School District (District) at the end of the 2008–2009 school year. The nine members, who were all hired pursuant to section 44909, claim that they were improperly classified as temporary employees and that their proper classification under section 44909 is as probationary employees. Briefly, and as is relevant, the first paragraph of section 44909 allows a district to hire credentialed employees for "categorically funded projects." The terms and conditions of such employment are governed by written agreement between the district and the employee, and the employee does not normally accrue service credit toward classification as a permanent employee by virtue of the employment. The section does not specify whether employees hired under its terms are probationary or temporary, but it provides that employees hired pursuant to its authority may be "terminated at the expiration of the . . . specially funded project without regard to other requirements . . . respecting the termination of probationary . . . employees . . . ." (§ 44909.)

STA claims employees hired under the first paragraph of section 44909 are probationary employees. It further claims that if they are temporary employees, the actions taken to terminate them were void because District gave them notice to which only probationary and permanent employees are entitled. Finally, it argues there was insufficient evidence that they were temporary employees.

Unless the Education Code requires that an employee be classified as permanent, substitute or temporary, the employee must be classified as

---

[1] Further references to an undesignated code section are to the Education Code.

probationary. (*Bakersfield Elementary Teachers Assn. v. Bakersfield City School Dist.* (2006) 145 Cal.App.4th 1260, 1280 [52 Cal.Rptr.3d 486] (*Bakersfield*).) The purpose of the Education Code's classification scheme is to limit a school district's use of temporary employees so that a district will not subordinate the rights of teachers in secure employment to its own administrative needs. (*Haase v. San Diego Community College Dist.* (1980) 113 Cal.App.3d 913, 918 [170 Cal.Rptr. 366] (*Haase*).) Temporary classifications are narrowly defined by the Legislature and must be strictly construed. (*Zalac v. Governing Bd. of Ferndale Unified School Dist.* (2002) 98 Cal.App.4th 838, 843 [120 Cal.Rptr.2d 615] (*Zalac*).)

As indicated, section 44909 does not expressly state how employees hired pursuant to its authority are to be classified. However, the purpose of the section is to benefit school districts by allowing them to operate special programs outside their regularly funded programs, without having a surplus of probationary or permanent employees when such special programs expire. (*Zalac, supra*, 98 Cal.App.4th at p. 845.)

With these guidelines in mind, we shall conclude that section 44909 allows temporary classification of employees only if its terms are strictly followed. As is relevant to the case at hand, this means that employees may be treated as temporary only if they are hired for the term of the categorically funded project and are terminated at the expiration of the categorically funded project for which they were hired. Otherwise, the employees must be treated as probationary employees.

Because there was no evidence that the employees at issue were terminated at the expiration of a categorically funded project they must be treated as probationary employees.

## FACTUAL AND PROCEDURAL BACKGROUND

All of the employees at issue were hired pursuant to section 44909. The employees signed employment agreements with District.[2] The agreements stated that they were offers of temporary employment. The agreements indicated the employees were being hired pursuant to section 44909 "as a certificated employee assigned to a categorical program or as the replacement of a certificated employee who has been assigned to a categorical program." The agreements further stated: "As a temporary employee, you do not have a continuing right of employment with the District. Your service shall be

---

[2] The administrative record contains written agreements for Adriana Solis, Gloria Gonzalez, Angela Gomez, Melissa Brookens, Rosa Baker, and Annette Albertoni. The administrative record contains no written agreement for Rebecca Hardison, Susheela Nath, or Adrian Nickols.

deemed terminated no later than the date listed in paragraph 4, or the date on which funding for the categorical program is no longer available, whichever occurs earlier. Additionally, the District expressly reserves the right to dismiss you as a temporary employee at any time during the period in this paragraph based on the determination of the governing board."

In each case the date listed in paragraph 4 was May 29, 2009. The start date for all of the agreements of record was July 28, 2008, or later. This means all of the agreements were for less than a full school year. A full school year is defined by statute as beginning the first day of July and ending the last day of June. (§ 37200.)

On March 4, 2009, District's governing board adopted a resolution reducing or eliminating particular kinds of certificated services for the 2009–2010 school year. Certificated employees are those who have a credential or certificate issued by California's Commission on Teacher Credentialing. (§§ 44001–44006.) All of the employees in this case hold a teaching credential.

Section 44955 provides in pertinent part that when a district determines it is necessary to reduce the number of permanent employees for the following school year, the district may terminate the corresponding number of certificated employees, permanent as well as probationary, and must give notice of termination to the affected employees before the 15th of May. Prior to this date and no later than March 15, the employee must be given notice that his or her services will not be required for the following year. (§ 44949.) Following this notice the employee may request a hearing to determine whether there is cause for the decision not to reemploy. (§ 44949.)

Even though temporary employees are entitled to a more limited notice before the end of the school year (§ 44954), and are not entitled to a hearing, District sent "precautionary" notices on March 13, 2009, to each of the certificated employees it identified as temporary. These precautionary notices were sent because of concerns expressed by STA's counsel that characterization of the section 44909 employees as temporary was inappropriate. The employees were advised to contact the human resources office if they believed they had been inappropriately classified as temporary, and were given a blank request for hearing form. The employees involved in this case requested a hearing.

Prior to the hearing, STA objected to the inclusion in the layoff proceeding of teachers that District had classified as temporary. STA argued that the

administrative law judge (ALJ) had no jurisdiction to expand layoff proceedings to temporary employees, since section 44955 authorizes layoff proceedings only for permanent and probationary employees, temporary employees being subject to summary release under section 44954.[3]

In response to the motion objecting to jurisdiction, the ALJ ruled: "Once the District issues a preliminary notice of intent to lay off a certificated employee and the affected employee requests a hearing under Education Code section 44949, subdivisions (a) and (b), jurisdiction exists to determine the appropriateness of the layoff procedure, including whether the employee is a temporary employee or a probationary employee. Accordingly, the motion to dismiss the Accusations for layoff as to temporary employees issued precautionary notices is denied."

Following the hearing the ALJ issued a proposed decision. The ALJ found that District was not prohibited from entering into temporary agreements with employees working in categorically funded programs under section 44909, and that because the affected teachers were provided with an opportunity to participate in the hearing, any due process concerns were satisfied. District adopted the proposed decision of the ALJ.

STA filed a petition for writ of mandate with the trial court. The petition argued that the proper classification of teachers assigned to categorically funded programs is probationary rather than temporary, that District unlawfully included temporary teachers in the layoff proceedings, and that the ALJ's findings were not supported by the evidence.

The trial court denied the writ. The tentative decision stated in pertinent part: "A teacher may be classified as temporary where the teacher is working on categorically funded projects. The language of the statute is that employees employed in categorical positions are not probationary, but are temporary employees. [¶] Further, there is no law that prohibits the inclusion of temporary employees in layoff proceedings in order that their temporary status be adjudicated."

## DISCUSSION

The parties differ as to whether employees hired pursuant to the first paragraph of section 44909 are probationary or temporary employees.[4] The

---

[3] Appellant raises this issue again on appeal. Because we are reversing the judgment, we need not consider this issue.

[4] STA concedes that persons hired pursuant to the second paragraph of section 44909, i.e., persons hired to replace regular employees that are assigned to a categorically funded project, are temporary employees. The issue is not tendered here, and we do not decide it.

ramifications of classification as a temporary employee, rather than as a probationary employee, include the inability to earn credit toward a tenured position and the lack of notice and other procedural protections before termination. (*California Teachers Assn. v. Governing Bd. of Golden Valley Unified School Dist.* (2002) 98 Cal.App.4th 369, 376 [119 Cal.Rptr.2d 642] (*Golden Valley*).)

Section 44909 does not state how employees hired pursuant to its provisions are to be classified. Employees hired pursuant to the section are treated like temporary employees in that they earn no credit toward tenure, and are entitled to the notice and rehire rights of a temporary employee if terminated at the expiration of the categorically funded project. However, by specifically qualifying the circumstances under which a section 44909 employee may be terminated without the notice usually accorded a probationary employee, the section implies that such employees are entitled to be treated as probationary employees when such circumstances are not present.

Section 44909 reads as follows:

"The governing board of any school district may employ persons possessing an appropriate credential as certificated employees in programs and projects to perform services conducted under contract with public or private agencies, or categorically funded projects which are not required by federal or state statutes. The terms and conditions under which such persons are employed shall be mutually agreed upon by the employee and the governing board and such agreement shall be reduced to writing. *Service pursuant to this section shall not be included in computing the service required as a prerequisite to attainment of, or eligibility to, classification as a permanent employee* unless (1) such person has served pursuant to this section for at least 75 percent of the number of days the regular schools of the district by which he is employed are maintained and (2) such person is subsequently employed as a probationary employee in a position requiring certification qualifications. *Such persons may be employed for periods which are less than a full school year and may be terminated at the expiration of the contract or specially funded project without regard to other requirements of this code respecting the termination of probationary or permanent employees other than Section 44918.*

"Whenever any certificated employee in the regular educational program is assigned to a categorically funded project not required by federal or state statute and the district employs an additional credentialed person to replace that certificated employee, the replacement certificated employee shall be subject to the provisions of Section 44918.

"This section shall not be construed to apply to any regularly credentialed employee who has been employed in the regular educational programs of the school district as a probationary employee before being subsequently assigned to any one of these programs." (Italics added.)

STA argues that by expressly setting forth two limitations applicable to temporary employees (summary termination at the expiration of the specially funded project and noninclusion of service time toward obtaining permanent classification), the Legislature indicated its intent that employees hired pursuant to section 44909 would otherwise be probationary. STA reasons that if the employees were classified as temporary, the Legislature would not need to set forth such limitations. This echoes the reasoning in *Golden Valley, supra,* 98 Cal.App.4th at page 382. There, the court held that section 44911, which provides that an employee serving under a provisional credential does not accrue service time toward classification as a permanent employee, implies that such teachers should be classified as probationary employees. (98 Cal.App.4th at p. 382.) The court reasoned that the express limitation on the accrual of service time would not be necessary unless service by teachers with such credentials was to be counted toward permanent status. (*Ibid.*)

District argues that the Legislature demonstrated its intent to make section 44909 employees temporary by providing that the terms and conditions of their employment were to be determined by written agreement, as opposed to permanent and probationary employees, whose employment terms and conditions are determined by statute. It further argues that the termination provisions of the statute indicate the employees are temporary, because if they were probationary, the District's ability to terminate them would be constrained by statute.

I

Classification of Certificated Employees

"The Education Code establishes four possible classifications for certificated employees: permanent, probationary, substitute and temporary." (*Taylor v. Board of Trustees* (1984) 36 Cal.3d 500, 504 [204 Cal.Rptr. 711, 683 P.2d 710].) The issue in this case is whether the employees who are the subject of this action should have been classified as probationary or temporary.

A. *Probationary Status Is the Default Classification*

Section 44915 provides that the district "shall classify as probationary" any certificated employee who has not been classified as permanent or

substitute. The statute does not mention temporary employees, but the Education Code authorizes these classifications in "certain narrowly defined situations." (*California Teachers Assn. v. Vallejo City Unified School Dist.* (2007) 149 Cal.App.4th 135, 146 [56 Cal.Rptr.3d 712].) However, probationary status is the default classification when the code does not specify another classification. (*Ibid.*)

### B. *Temporary Classification Is Strictly Construed*

As stated, the Education Code specifically authorizes a temporary classification in only a few instances. Section 44919 allows an employee to be classified as temporary who is employed for the first three school months of any term to teach temporary classes that will not exist after the first three school months, or to perform other duties which do not last longer than the first three school months of any term. If the classes or duties continue beyond the first three months, the employee must be classified as probationary.[5] Additionally, employees may be classified as temporary who serve in a limited assignment supervising athletic activities, or who are hired up to a period of 20 days to prevent the stoppage of school business when an emergency arises and there are no probationary employees available. (§ 44919, subds. (b) & (c).) Also, a teacher may be hired and classified as temporary for a complete school year, but not less than one semester, to replace a certificated employee who has been granted leave for a semester or year, or is experiencing long-term illness. (§ 44920.) Finally, an employee may be hired as a temporary employee for the first semester only, if the school district expects a reduction in student enrollment during the second semester due to students graduating at midyear. (§ 44921.) Any such employee whose employment continues beyond the first semester is deemed a probationary employee for the entire year. (§ 44921.) Any person employed for a complete school year as a temporary employee not released pursuant to section 44954, subdivision (b), who is reemployed for the following year in a certificated position must be deemed a probationary employee.[6] (§§ 44917, 44918.)

The purpose of the classification scheme is "to limit rather than to enlarge the power of school districts to classify teachers as temporary employees." (*Bakersfield, supra*, 145 Cal.App.4th at p. 1280.) The Education Code restricts a school district's use of temporary employees, because

---

[5] The times are extended to four months for employees who teach adult classes or in schools of migratory population.

[6] Section 44954, provides that a school district may release certificated temporary employees, "(a) At the pleasure of the board prior to serving during one school year at least 75 percent of the number of days the regular schools of the district are maintained. [or] [¶] (b) After serving during one school year the number of days set forth in subdivision (a), if the employee is notified before the end of the school year of the district's decision not to reelect the employee for the next succeeding year."

"otherwise the benefits resulting from employment security for teachers could be subordinated to the administrative needs of a district." (*Haase, supra,* 113 Cal.App.3d at p. 918.) A temporary classification is strictly construed, and a school district may not circumvent the law through practices designed to "frustrate the valid expectations of reemployment established by the tenure statutes." (*Ibid.*) The Supreme Court has explained why the Legislature has restricted a school district's ability to classify certificated employees as temporary: "The essence of the statutory classification system is that continuity of service restricts the power to terminate employment which the institution's governing body would normally possess. Thus, the Legislature has prevented the arbitrary dismissal of employees with positions of a settled and continuing nature, i.e., permanent and probationary teachers, by requiring notice and hearing before termination. [Citations.] Substitute and temporary teachers, on the other hand, fill the short range needs of a school district, and may be summarily released absent an infringement of constitutional or contractual rights. [Citations.] Because the substitute and temporary classifications are not guaranteed procedural due process by statute, they are narrowly defined by the Legislature, and should be strictly interpreted." (*Balen v. Peralta Junior College Dist.* (1974) 11 Cal.3d 821, 826 [114 Cal.Rptr. 589, 523 P.2d 629], fn. omitted.)

■ Accordingly, even if an employee agrees in writing to be hired as a temporary employee, such a written agreement is not determinative unless the classification is authorized by statute. A school district may not classify a person as a temporary employee unless the position in which he or she is employed is "a position the law defines as temporary." (*Bakersfield, supra,* 145 Cal.App.4th at p. 1277.) If the employee does not satisfy one of the statutory grounds for classification as a temporary employee, the default provision of section 44915 mandates classification as a probationary employee. (*Vasquez v. Happy Valley Union School Dist.* (2008) 159 Cal.App.4th 969, 983 [72 Cal.Rptr.3d 15] (*Vasquez*).)

II

Purpose of Section 44909

The purpose of section 44909 is " 'to prevent a person from acquiring probationary status solely through teaching in a categorically funded program. This permits the hiring of qualified persons for categorically funded programs of undetermined duration without incurring responsibility to grant tenured status based on such teaching services alone.' [Citation.] The section 'was intended to give school districts flexibility in the operation of special educational programs to supplement their regular program and to relieve them

from having a surplus of probationary or permanent teachers when project funds are terminated or cut back.' [Citation.]" (*Zalac, supra,* 98 Cal.App.4th at p. 845.)

Section 44909 does not expressly provide that employees hired under its authority are temporary, and we are left to interpret this somewhat confusing statute in a manner that accomplishes the Legislature's desire to allow school districts some flexibility in staffing specially funded projects, but does not allow them to circumvent the law through practices designed to "frustrate the valid expectations of reemployment established by the tenure statutes." (*Haase, supra,* 113 Cal.App.3d at p. 918.)

## III

### Aspects of Probationary Versus Temporary Employees

The primary differences between probationary and temporary employees are (1) Probationary employees have more procedural protections in the event of dismissals or layoffs; (2) service as a probationary employee counts toward the time required to become a permanent employee, while a temporary employee's time does not count unless the employee is reemployed as a probationary employee the year following his or her service as a temporary employee; and (3) seniority is determined as of the date service is first rendered as a probationary employee. (*Bakersfield, supra,* 145 Cal.App.4th at p. 1293.) Probationary employees also have a superior right to be reemployed for any vacant position that comes up following a reduction in force. (§§ 44918, 44957.) Section 44909 specifically addresses only two of the aspects of employment that differentiate probationary and temporary employees.

### A. *Service Time*

Section 44909 addresses the accrual of service time toward becoming permanent. There is none unless the employee is subsequently hired as a probationary employee after serving at least 75 percent of the school days in a year. In this respect, a section 44909 employee has the same rights as a temporary employee.

### B. *Termination Procedure*

The termination procedure is a little more complicated. A section 44909 employee may be terminated without regard to the requirements that must be followed for permanent and probationary employees when the termination is "at the expiration of the contract or specially funded project . . . ."

■ District assumes that the "contract" to which this sentence refers is the contract between the school district and the employee. It is not. The "contract" to which this sentence refers is the only other "contract" mentioned in section 44909—the "contract with public or private agencies." By contrast, the statute refers to the agreement between the employee and the school district as an "agreement."

Were we to interpret this sentence as District suggests, then employees hired for programs conducted under contract with public or private agencies could not be terminated at the end of the contract with the public or private agency unless their agreement with the school district ended at the same time. This cannot be the case. The statute is directed at two similarly situated types of educational programs, i.e., those that are pursuant to contract, and those that are categorically funded. The language of the statute evidences no intent to treat these two programs differently. *Hart Federation of Teachers v. William S. Hart Union High Sch. Dist.* (1977) 73 Cal.App.3d 211, 216 [141 Cal.Rptr. 817] (*Hart*), recognized this when it held that under the predecessor statute (former § 13329) an employee could be discharged without regard to the other requirements of the code in two circumstances only, "i.e., expiration of the contract with an outside agency, or expiration of the specifically funded project."[7]

■ Citing *Hart*, *Bakersfield* declared that "certificated teachers assigned to a categorically funded program may be laid off without the procedural formalities due a permanent and probationary employee *only* if the program has expired." (*Bakersfield, supra*, 145 Cal.App.4th at p. 1287.) We agree with *Hart* and *Bakersfield* that the only time a section 44909 employee may be terminated "without regard to other requirements of this code respecting the termination of probationary or permanent employees" is at the termination of the categorically funded program or the end of the contract with the public or private agency. (§ 44909.) Thus, the only time such employees may be terminated as if they were temporary employees is at the termination of the program or end of the contract.[8]

---

[7] Subsequent references to a "contract" in this opinion mean the public or private agency contract under which the employee is hired to perform services. References to the "agreement" mean the written agreement between the school district and the employee.

[8] District argues on rehearing that section 44909 provides employees may be deemed temporary where so agreed between the district and the employee, since the section allows a person to be employed for a period that is less than a full school year. Consistent with the language and purpose of this section, an employee may be hired for less than a school year and treated as a temporary employee only if the categorically funded project or contract with another agency expires before the end of a full school year.

C. *Reemployment Rights*

The third aspect, reemployment rights, is not directly addressed by section 44909, but is indirectly addressed by reference to section 44918. Section 44918 deals with reemployment rights. The first paragraph of section 44909 states that a person hired pursuant to its provision "may be terminated at the expiration of the contract or specially funded project without regard to other requirements of this code respecting the termination of probationary or permanent employees *other than Section 44918*." (Italics added.)

This sentence is confusing because section 44918 does not contain any requirements "respecting the termination of probationary or permanent employees." Rather, section 44918 provides reemployment rights to temporary certificated employees who have worked at least 75 percent of the number of days of the school year and have not been released, or if released, have been retained as a temporary or substitute employee for two consecutive years.[9]

If the employee has not been released, he or she must be reemployed the following school year to fill any vacant positions, subject to the prior rights of

---

[9] The full text of section 44918 is as follows:

"(a) Any employee classified as a substitute or temporary employee, who serves during one school year for at least 75 percent of the number of days the regular schools of the district were maintained in that school year and has performed the duties normally required of a certificated employee of the school district, shall be deemed to have served a complete school year as a probationary employee if employed as a probationary employee for the following school year.

"(b) Any such employee shall be re-employed for the following school year to fill any vacant positions in the school district unless the employee has been released pursuant to subdivision (b) of Section 44954.

"(c) If an employee was released pursuant to subdivision (b) of Section 44954 and has nevertheless been retained as a temporary or substitute employee by the district for two consecutive years and that employee has served for at least 75 percent of the number of days the regular schools of the district were maintained in each school year and has performed the duties normally required of a certificated employee of the school district, that employee shall receive first priority if the district fills a vacant position, at the grade level at which the employee served during either of the two years, for the subsequent school year. In the case of a departmentalized program, the employee shall have taught in the subject matter in which the vacant position occurs.

"(d) Those employees classified as substitutes, and who are employed to serve in an on-call status to replace absent regular employees on a day-to-day basis shall not be entitled to the benefits of this section.

"(e) Permanent and probationary employees subjected to a reduction in force pursuant to Section 44955 shall, during the period of preferred right to reappointment, have prior rights to any vacant position in which they are qualified to serve superior to those rights hereunder afforded to temporary and substitute personnel who have become probationary employees pursuant to this section.

"(f) This section shall not apply to any school district in which the average daily attendance is in excess of 400,000."

permanent and probationary employees. (§ 44918, subds. (b) & (e).) If the employee has been released, but has been retained as a temporary or substitute employee for two consecutive years, the employee must receive first priority for any vacant position at the grade level at which the employee served during either of the two years, subject to the prior rights of permanent and probationary employees. (§ 44918, subds. (c) & (e).)

■ We do not presume that the Legislature engaged in an idle act or enacted a superfluous statutory provision. (*California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 634 [59 Cal.Rptr.2d 671, 927 P.2d 1175].) Section 44918 refers to the reemployment rights of certain temporary and substitute employees. Therefore, to give meaning to the section 44918 reference in section 44909, we must interpret the phrase, "requirements of this code respecting the termination of probationary or permanent employees" in section 44909 to encompass more than the notice and hearing requirements for termination. To give effect to the section 44918 reference, these "termination requirements" must also include reemployment requirements.

Section 44918 gives reemployment rights to certain long-term temporary and substitute employees, i.e., those who have worked at least 75 percent of the school year and have not been released, or those who have been released, but have been hired as a temporary or substitute for two consecutive years. Even these long-term substitute and temporary employees have reemployment rights that are subordinate to permanent and probationary employees.

■ Because of the reference to section 44918, we interpret section 44909 to limit the reemployment rights of employees hired pursuant to its provisions only if such employees are terminated at the expiration of the contract or categorically funded project. Provided the school district complies with the provisions of section 44909, such employees are to be treated as temporary employees for purposes of reemployment.

### D. *Seniority*

The fourth and final aspect distinguishing probationary and temporary employees is the accrual of seniority. An employee accrues seniority from the date he or she first rendered paid service in a probationary position. (§ 44845.) Section 44909 does not specify any limitation on the accrual of seniority for section 44909 employees.

## IV

## Classification Under Section 44909

Having reviewed the four aspects that distinguish probationary from temporary employees, and considering the competing interests sought to be protected by the Legislature in enacting the pertinent provisions of the Education Code, we can make the following conclusions about the classification of persons employed pursuant to section 44909.

Preliminarily, we are aware that language exists in at least two cases, which indicates section 44909 employees are temporary employees. (See *Vasquez, supra,* 159 Cal.App.4th at p. 975; *Zalac, supra,* 98 Cal.App.4th at p. 852.) However, neither of the cases posed the question whether section 44909 employees were temporary or probationary, and the statements in both are dicta.

In *Vasquez,* decided by this court, we held that even if a teacher in a section 44909 position were deemed probationary, she would not automatically become a permanent teacher the following year unless reelected. (*Vasquez, supra,* 159 Cal.App.4th at pp. 977, 985–986.) We reasoned that because the plaintiff had not been reelected, but was hired as a substitute after the school year began, she did not automatically become a permanent teacher. (*Id.* at pp. 978, 985–986.)

■ In *Zalac, supra,* 98 Cal.App.4th at page 852, the court stated that a section 44909 teacher was properly classified as a temporary employee, but the issue actually tendered in *Zalac* was whether the termination provisions of section 44909 applied to the teacher in her third year of teaching after the categorical program had expired. We do not consider either of these statements controlling because "[a] decision is authority only for the point actually passed on by the court and directly involved in the case." (*Gomes v. County of Mendocino* (1995) 37 Cal.App.4th 977, 985 [44 Cal.Rptr.2d 93].)

■ Classification of a certificated employee as temporary is narrowly defined by the Legislature and must be strictly construed. (*Zalac, supra,* 98 Cal.App.4th at p. 843.) Therefore, before a district may treat a section 44909 employee as a temporary employee, it must follow the letter of the statute. This means that the program for which the employee is hired must satisfy the requirements of the statute and the district must enter into a written agreement of employment with the person hired.

It also means that the district must strictly comply with the following portion of the statute: "Such persons may be employed for periods which are

less than a full school year and may be terminated at the expiration of the contract or specially funded project without regard to other requirements of this code respecting the termination of probationary or permanent employees other than Section 44918." (§ 44909.) By stating that employees under this section "may" be employed for less than a full year, the implication is that such employees "may" also be employed for a full year or more. However, the only circumstance under which an employee under this section may be terminated "without regard to other requirements of this code" is if he or she is "terminated at the expiration of the contract or specially funded project . . . ."

Section 44909 employees are thus treated like probationary or temporary employees depending on the duration of their employment. A person employed under section 44909 is to be treated like a temporary employee, *provided* the person is employed for the duration of the contract with a public or private agency or categorically funded project. In other words, a person may be hired for the particular project (or contract) term and be terminated at the end of that term without the notice that would be required for a probationary or permanent employee. Under such circumstances the employee would be treated as a temporary employee for purposes of accruing service required as a prerequisite to classification as a permanent employee, for the purpose of rehire rights and for the purpose of seniority.[10]

What a district may not do is hire a person for *more or less than* the entire or remaining term of the contract or project, and treat such a person as a temporary employee. For example, if a district terminates a section 44909 employee before the end of the term of the project or contract, the employee must be given the notice to which a probationary employee would be entitled. Because an employee who is terminated before the end of the contract or project, or who is hired for a period less than the entire or remaining term of the contract or project is not a person hired "pursuant to this section" such an employee must be treated as a probationary employee—the default classification. (§ 44909.) Said employee accrues service time as a probationary employee. In terms of seniority and reemployment rights, employees hired for less than the entire or remaining term of the project or contract and

---

[10] In a petition for rehearing, the District argues our ruling would make it impossible to comply with the requirements of section 44916, which provides that the District must classify its employees at the time of employment and state the length of employment for temporary employees. The classification and length of employment for section 44909 employees may be adequately set forth by a notice stating: "You are being hired to perform services for a categorically funded project. You are a temporary employee, unless the district terminates your employment before the expiration of the project, in which case you will be treated as a probationary employee. Your employment will be terminated at the expiration of the specially funded project for which you are being hired."

employees terminated before the end of the contract or project are entitled to be treated like probationary employees.

This interpretation of the section satisfies the competing interests the Legislature sought to balance in enacting the classification provisions of the Education Code and in enacting section 44909. Specifically, this interpretation allows school districts the flexibility to operate special programs without having a surplus of probationary or permanent teachers when the special program is terminated. (See *Bakersfield, supra,* 145 Cal.App.4th at p. 1286.) It also protects employees by preventing a district from hiring temporary employees for a term that has no relation to the term of the program for which they are hired.[11]

V

No Proof That Employees Were Temporary

Turning to the particular employees who are the subject of this action, there is no evidence that the employees were terminated at the expiration of a categorically funded program.

The administrative record contains the employment agreements of all the affected employees except Rebecca Hardison, Susheela Nath and Adrian Nickols. The agreements in the record indicate they all began employment after July 1, 2008, for a term ending May 29, 2009. None of the agreements indicates the particular categorical program for which each was being hired.

---

[11] On rehearing, District offers numerous hypothetical situations, some involving other sections of the Education Code, and asks for our opinion on various aspects of such situations. For example, District seeks our opinion as to (1) whether section 44909 employees may be terminated when program funding is reduced rather than eliminated, (2) what happens when categorical funds are reallocated pursuant to section 42605, (3) what happens if a position is funded with both categorical and general funds, (4) when a program expires if its funding is approved on a year by year basis, and (5) whether our opinion applies to section 1294.5, regarding county superintendents of schools. An appellate court does not "inform the litigants what the opinion of the court is upon a question that has not been raised in the action, or what its decision would be if the question should be presented." (*Hill v. Hill* (1947) 79 Cal.App.2d 368, 370 [180 P.2d 378].) When we interpret a statute, our interpretation is necessarily premised upon the application of the statutory language to the specific facts we are presented. Our restraint in issuing what is essentially an advisory opinion is rooted in the separation of powers doctrine. "[I]n the absence of a genuine controversy between parties growing out of actual events involving the application of a law to private affairs, the judicial opinion, being hypothetical, is essentially a determination of policy." (1 Sutherland, Statutes and Statutory Construction (7th ed. 2010) § 3.30, p. 124, fn. omitted.) Such determinations of policy in the absence of a specific dispute are properly the province of the Legislature. We leave such questions either to the court to which the appropriate facts are tendered, or to the Legislature, which has the ability to clarify the manner in which it desires its legislative scheme to operate.

The only evidence regarding the particular categorical program for which the employees were hired was presented not by District, but by the employees themselves. Thus, Annette Albertoni testified that she was told there were positions open because of QEIA, the Quality Education Investment Act of 2006 (Ed. Code, § 52055.700 et seq.). Gloria Gonzalez testified that she was told her position was through special QEIA funds. Adriana Solis testified that she was never told about any special funding for her position when she was hired, but after she was hired she was sent to QEIA training. That was how she became aware that she was in a QEIA-funded position. No evidence was presented that QEIA funding was eliminated.

District asserted that Rebecca Hardison was eliminated because of a reduction in CAHSEE (California High School Exit Examination) funding. There was no evidence that CAHSEE was a categorically funded program, or that it was being eliminated.

Susheela Nath testified she was hired as a literacy specialist. District presented evidence that the instructional specialist positions are categorically funded positions. However, no evidence was presented that the instructional specialist funding was being eliminated.

In the administrative proceeding, District filed an accusation against the teachers involved in this appeal, alleging that they were temporary employees. Because District made this affirmative assertion, it had the burden of proof. (*Cornell v. Reilly* (1954) 127 Cal.App.2d 178, 184 [273 P.2d 572]; § 44949.) District concedes it had the burden of proving compliance with the layoff statutes. To prove that its employees were temporary under section 44909, District was required (1) to show that the employees were hired to perform services conducted under contract with public or private agencies or categorically funded projects which are not required by federal or state statutes; (2) to identify the particular contract or project for which services were performed; (3) to show that the particular contract or project expired; and (4) to show that the employee was hired for the term of the contract or project. Because District failed to prove some or all of these facts, the employees must be treated as probationary.

## DISPOSITION

The judgment is reversed, and the trial court is directed to enter an order granting the petition for writ of mandate. On remand, the trial court shall conduct further proceedings in which it shall (1) reclassify as probationary the nine members identified in this proceeding, (2) award them proper

seniority accruals, (3) award them reappointment rights according to their seniority and credentials, and (4) determine damages. The trial court shall allow discovery on the issue of mitigation of damages. Appellant shall recover costs on appeal.

Robie, J., and Hoch, J., concurred.

A petition for a rehearing was denied March 29, 2012, and the opinion was modified to read as printed above. Respondents' petition for review by the Supreme Court was denied June 13, 2012, S200958.