[Civ. No. 16461. Second Dist., Div. Three. Dec. 30, 1948.]

ROSA SWALLERS, Appellant, v. FLOYD SWALLERS, Respondent.

L. A. Gordon and Darwin H. Wolford for Appellant.

Roy H. Smith and John M. Hines, Jr., for Respondent.

SHINN, P. J.—Plaintiff and defendant intermarried December 15, 1946, and separated in April, 1947. In her complaint for divorce plaintiff alleged that defendant was the owner of an automobile standing in his name, and that she, plaintiff, was the owner, as her separate property, of Lot 45, Tract 1189, in the city of Los Angeles, and the household furniture located therein. She accused defendant of cruelty, and prayed for a divorce and that defendant be declared to have no interest in the real property or the furniture. Defendant answered, alleging that prior to the marriage of the parties he had purchased the real property in question, paying from his own funds the entire down payment of $2,350, and that he had subsequently paid off a trust deed note of $1,000 from his separate funds; that the agreement of purchase was taken in the name of plaintiff for convenience only, and in trust for defendant, and that practically all of the personal property was purchased by him prior to the marriage. The court found that plaintiff has or owns no interest or estate in the real property, but that the title thereto was taken in her name for convenience only; that it was not the intention of the parties to create in her any title or estate in said property; and that the furniture belongs to defendant as his separate property. By the judgment plaintiff was awarded a divorce and defendant was awarded the real property and the personal property, upon condition that he pay plaintiff the sum of $300. Plaintiff appeals.

The evidence discloses that by deed recorded May 8, 1945, the real property was conveyed to plaintiff under the name of Rosa Laskie; that on February 6, 1946, plaintiff deeded the property to defendant and that by deed dated September 5, 1946, defendant reconveyed the property to plaintiff. It will be noted that all of these conveyances were made prior to the marriage of the parties. The evidence was

that at the time of the several conveyances the parties were cohabiting, in contemplation of matrimony.

Defendant's explanation of the fact that title was first taken in the name of plaintiff was that plaintiff insisted that defendant had "troubles hanging over" his head that might come up which would cause them to lose the property. Presumably, what plaintiff had in mind was that defendant had been previously married and was the father of two children residing in Indiana, whom he was supporting, although he was somewhat in arrears in their support. Defendant's explanation of the deed he received from plaintiff was that he paid her $1,000 for any interest she might have or claim in the property, after which it was understood that she had or claimed no interest. He testified that he deeded the property to her in September, 1946, because of her reiteration of her statements previously made respecting complications which might ensue if title remained in defendant's name. He testified that there was no consideration for the conveyance, that plaintiff specifically promised to hold title in trust for him, and to reconvey the property whenever requested to do so. Plaintiff testified that she paid from her own funds, in the purchase of the real property and the furniture, a total of $3,750. In her cross-examination by counsel and by the court she wholly failed to substantiate this claim. Defendant testified specifically to small contributions which plaintiff made toward the purchase of certain articles of furniture. The sum of $300 which defendant was ordered to pay plaintiff as a condition upon which the property was awarded to him appears to be the amount which the court believed plaintiff had contributed toward the purchase of the property. In view of the fact that plaintiff had already received $1,000 for her interest in the property, we are of the opinion that the court was not illiberal toward her in arriving at the sum of $300 as the value of her remaining interest.

The main contention on appeal is that there was insufficient evidence to support the finding that defendant is the owner of the real property. It is conceded that there was sufficient evidence to prove his ownership of the personal property. It is plaintiff's contention that the real property was conveyed to her in September, 1946, as a gift. There was ample evidence to prove that it was conveyed under her promise to hold title for the benefit of defendant and to reconvey it at any time upon request. ▆ The court did not find that the promise was made without intention to

perform it, and a conclusion that plaintiff was guilty of actual fraud would not have been supported by the findings. Neither did the court find that a confidential relationship existed between the parties at the time of the last conveyance. If such a relationship had existed a case of constructive fraud would have been made out by proof of the voluntary conveyance induced by plaintiff's promise to reconvey the property upon request. (*Brison* v. *Brison,* 75 Cal. 525, 529-32 [17 P. 689, 7 Am.St.Rep. 189] ; *Lyttle* v. *Fickling,* 72 Cal.App.2d 383, 388 [164 P.2d 842] ; *Steinberger* v. *Steinberger,* 60 Cal. App.2d 116 [140 P.2d 31].) But we do not believe the absence of such a finding requires a reversal of the judgment. The undisputed evidence was such as to compel the inference that defendant reposed personal confidence in plaintiff and that the same was voluntarily accepted by her. A trust relationship resulted. (Civ. Code, §§ 2216, 2219.) This is strongly indicated by the fact that when the property was acquired in 1945, although defendant paid the purchase money, he caused title to be taken in the name of plaintiff. The parties were living together at that time in a meretricious relationship and continued that manner of living, with some interruption, until their marriage in December, 1946. They had had no difficulty over the property while it stood in plaintiff's name and they reached an amicable agreement when it was reconveyed to defendant. No reason was shown why title should again have been placed in plaintiff unless it was that the parties felt they would be better satisfied with that arrangement, and defendant believed in plaintiff's honesty. A man does not convey his property to a friend on the latter's promise to reconvey it upon request, unless he reposes confidence in the integrity of the friend and believes implicitly that the promise will be kept. There appears to have been no lack of confidence between the parties prior to their marriage, but it would seem that by the time they got around to marrying the honeymoon was over. The separation took place shortly thereafter.

If the trial court had been requested to make a finding as to the existence of a confidential relationship between the parties, the evidence would have warranted only a finding that the relationship did exist. For this reason the absence of a finding as to the existence of a confidential relationship does not invalidate the judgment. (*Foley* v. *Cowan,* 80 Cal. App.2d 70, 77 [181 P.2d 410] ; *Staudigl* v. *Harper,* 76 Cal.App. 2d 439, 448-9 [173 P.2d 343].) No miscarriage of justice appears. The trial court was fully warranted in believing that

no gift was intended by defendant and that he relied entirely upon plaintiff's promise to make a reconveyance whenever he desired it.

It is urged by plaintiff that defendant, through his own admissions, confessed to an intention to avoid his obligation to support his children, and that he made the conveyance to plaintiff for that purpose. It is argued from this premise that he may not be heard to question the validity of the deed. This was not the theory of plaintiff at the trial. There was no evidence whatever that defendant had any such intention, and plaintiff herself testified that the matter of defendant's financial obligations was never discussed in connection with the conveyance of the property. The evidence would not have justified a finding that the deed was made with any fraudulent intent on the part of defendant.

There is an independent ground for affirmance of the judgment. It is stated positively in the brief of respondent that after the rendition of the judgment plaintiff accepted the sum of $300 which the judgment awarded her. Appellant has filed no reply brief and the accuracy of respondent's statement stands admitted. Except for the judgment, plaintiff would not have been entitled to receive $300, or any other sum. She has accepted the fruits of the judgment and is therefore barred from attacking it on appeal. The point is urged in respondent's brief and affirmance of the judgment is requested upon this additional ground. It is clearly a situation in which plaintiff has forfeited her right to appeal from the judgment. (*Klebora* v. *Klebora*, 118 Cal.App. 613 [5 P.2d 965] ; *Conlin* v. *Southern Pacific R. Co.*, 40 Cal.App. 743 [182 P. 71] ; *Preluzsky* v. *Pacific Co-Operative Cafeteria Co.*, 195 Cal. 290 [232 P. 970] ; *Giometti* v. *Etienne*, 5 Cal.2d 411 [55 P.2d 216].) She has suffered no prejudice thereby; her appeal has been considered and found to be groundless.

The judgment is affirmed.

Wood, J., and Vallée, J., concurred.