[Civ. No. 17745.   Second Dist., Div. Two.   May 5, 1950.]

FELIX J. WEIL, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, etc., Respondent.

Pacht, Warne, Ross & Bernhard, Clore Warne, Bernard Reich and Rudolph Pacht for Petitioner.

No appearance for Respondent.

Francis C. Whelan, in pro. per., for Real Party in Interest.

WILSON, J.—Petition for a writ of certiorari to review and annul an order of the superior court finding petitioner guilty of contempt of court and sentencing him to imprisonment in the county jail. No appearance has been made for respondent superior court. Francis C. Whelan, the real party in interest, has appeared and filed a demurrer to the petition.

Petitioner, Felix J. Weil, instituted an action in the superior court against his wife, Helen K. Weil, for a divorce. She answered and filed a cross-complaint for separate maintenance. The case was tried before the Honorable William S. Baird, Judge. At the close of the trial Mrs. Weil amended her cross-complaint and prayed for a divorce. With petitioner's consent an interlocutory judgment of divorce was granted in her favor, which, among other things, ordered petitioner to pay directly to Francis C. Whelan, attorney for defendant and cross-complainant, the sum of $6,000 as attorney's fee in the action, payable in three installments of $2,000 each on or about 30, 60 and 90 days, respectively, from the date of entry of the judgment. Petitioner paid the first installment of $2,000. Before the second installment became due Mrs. Weil substituted herself in propria persona and made a motion for a new trial, asserting misconduct on the part of the trial judge in allegedly exercising duress and coercion upon her to amend her cross-complaint against her will so as to pray for a divorce which she did not want instead of separate maintenance which she desired. Her motion was denied. She then appealed from the whole of the judgment.

Petitioner being satisfied with the consent judgment did not appeal but, taking the position that the judgment would stand or fall inseparably and that the defendant's appeal from the entire judgment absolved him pending the appeal from further compliance with its provisions, did not pay the balance of the attorney's fee. To indicate his good faith and his willingness

to comply with the judgment he deposited with his attorneys the sum of $4,000 in trust to be paid to Mr. Whelan in accordance with the final determination of the court in connection with the latter's claim for counsel fee.

Mr. Whelan obtained an order directing petitioner to show cause why he should not be adjudged guilty of contempt of court for disobedience of the interlocutory judgment. The order to show cause came on for hearing before the Honorable Mildred L. Lillie, Judge. Petitioner moved for an order vacating the order to show cause on the ground, among others, that the court was without jurisdiction to make the order or to punish petitioner for contempt. The motion to vacate the order was denied and the court adjudged petitioner in contempt and sentenced him to imprisonment in the county jail. Execution of the sentence was suspended on condition that within 10 days after the making of the order petitioner pay the sum of $4,000 to Mr. Whelan. For a review of the court's order this proceeding was instituted.

█ █ Where parts of a judgment are so connected that one part cannot be reversed without a reversal of the whole judgment, a party cannot appeal from the portion adverse to him and at the same time enforce the favorable portions. (*McCaleb* v. *McCaleb,* 32 Cal.App. 648, 649 [163 P. 1045] ; *Preluzsky* v. *Pacific Co-operative Cafeteria Co.,* 195 Cal. 290, 293 [232 P. 970].) The provisions of a judgment denying a divorce to both sides but awarding alimony to the wife are inseparable. (*McCaleb* v. *McCaleb, supra.*) The same is true as to a judgment granting a divorce to the wife and allowing her an attorney's fee. Should she appeal, the enforcement of all parts of the judgment must await the disposition of the appeal.

Prior to the enactment of section 137.5* of the Civil Code (Stats. 1937, ch. 183, p. 479, amended Stats. 1947, ch. 951, p. 2220) the allowance of attorney's fees against the husband in a divorce action was required to be made to the wife. An order directing payment directly to the wife's attorney was void. (*Keck* v. *Keck,* 219 Cal. 316, 322 [26 P.2d 300] ; *Stevens* v. *Stevens,* 215 Cal. 702, 704 [12 P.2d 432] ; *McManus* v. *Mont-*

---

*Section 137.5 reads: ''In all actions for divorce or annulment or separate maintenance in which the court grants to the wife or husband, as the case may be, attorney's fees in the prosecution or defense of the action, as the case may be, such fees may, in the discretion of the court, be made payable, in whole or in part, to the attorney entitled thereto, and judgment may be entered and execution levied accordingly.''

*gomery*, 12 Cal.2d 397 [84 P.2d 787].) Hence the attorney had no direct, substantive or proprietary interest in the allowance made to the wife. His right was indirect and derivative.

The attorney's right to the amount allowed for counsel fees for his services rendered to a wife is no more proprietary and direct by virtue of section 137.5 of the Civil Code than before its enactment. That section provides that when attorney's fees are allowed they may, in the discretion of the court, be made payable in whole or in part to the attorney. Notwithstanding the fees may be made payable to the attorney, they are granted to the wife for her benefit and are not awarded to her attorney. Although the fee may be made payable to him, he has no greater right, pending an appeal from the judgment, to the sum awarded than has the wife to enforce any other unseverable part of the judgment. Since Mrs. Weil has appealed from the entire judgment she cannot enforce any part of it. She would have been unable to compel payment of the attorney's fee had payment been ordered to her instead of to her attorney; consequently the latter, having no greater right, cannot enforce the provision relating to such fee. A wife's attorney has no separate equity in counsel fees awarded to her. His right thereto is derived from his client.

Such relation as an attorney for a party to a divorce case has in the subject matter of an action arises solely out of his employment. He had no "interest" in the subject matter prior to the enactment of section 137.5 and that section does not invest him with any interest therein. (*Telander* v. *Telander*, 60 Cal.App.2d 207, 210 [140 P.2d 204].)

Since previously to the enactment of section 137.5 attorney's fees for the wife were payable to her and an order for payment to her attorney was void (cases cited, *supra*), any proceeding against the husband for the enforcement of an order for the payment of such fee was required to be conducted in her name. ▮ That section of the code gives the attorney one remedy, one method of enforcing the order, and one only, and that is to obtain and levy an execution. Section 137 of the Civil Code provides that the court may require one spouse to pay support money, costs and attorney's fees to the other spouse. Such an order will require payment of any and all such amounts to the *spouse* and "may be enforced by the court by such order or orders as in its discretion" the court may from time to time deem necessary. This includes contempt proceedings as well as the levy of an execution. Section 137.5 does not give such a broad power of enforcement of an

order for payment of the fee directly to the attorney as is provided in section 137. The method of enforcement of such order is expressly limited to the levy of an execution.

When the court had no option but to order the attorney's fees paid to the wife, should she have failed to pay the money to her attorney after she had received it he would be deprived of his compensation. Section 137.5 corrected this injustice by providing for payment directly to the attorney, but the fee still is allowed to and for the benefit of the wife and the attorney's rights are not enlarged by that section.

The method by which a judgment may be enforced is a matter of statutory regulation. The fact that section 137, which has been in force in some form since 1872, places no limitation on the manner of enforcement of an order for payment of support, attorney's fees and costs to the spouse and section 137.5, which was added to the code in 1937, provides the levy of an execution as the sole method of enforcement of an order made thereunder, signifies that the Legislature had a different intention as to the manner of enforcement of the orders made under the respective sections. *Estate of Garthwaite,* 131 Cal.App. 321, 326 [21 P.2d 465]; *Southern Pacific Co.* v. *McColgan,* 68 Cal.App.2d 48, 54-5 [156 P.2d 81]; *People* v. *Valentine,* 28 Cal.2d 121, 142 [169 P.2d 1].)

Mr. Whelan contends that a writ of certiorari will not lie to review the order adjudging petitioner in contempt for the reason that he had a plain, speedy and adequate remedy at law by an appeal from the interlocutory judgment insofar as the decree required payment of the attorney's fee. Petitioner was satisfied with the judgment, consented to its provisions and intended to comply with it, hence he did not appeal therefrom. The time within which he could have appealed had long since expired when Mr. Whelan commenced his efforts to enforce payment of the counsel fee. Therefore he has no remedy at law and certiorari is the proper method of obtaining relief. (Code Civ. Proc., § 1068.) His willingness to comply with the judgment is shown by his deposit of the unpaid balance of the counsel's fee with his attorneys to be paid in accordance with the final determination of the action.

Since the entire judgment is in favor of Mrs. Weil and her appeal therefrom stays enforcement of any part of it, should she succeed on her appeal in procuring its reversal the provision requiring payment of the attorney's fee will fall with the other parts of the decree.

The demurrer of Francis C. Whelan to the petition is overruled. The order finding petitioner guilty of contempt of court and sentencing him to imprisonment is annulled.

Moore, P. J., and McComb, J., concurred.