[Civ. No. 17327.   Second Dist., Div. Two.   May 5, 1950.]

FELIX J. WEIL, Respondent, v. HELEN K. WEIL, Appellant.

[Civ. No. 17497.   Second Dist., Div. Two.   May 5, 1950.]

FELIX J. WEIL, Appellant, v. HELEN K. WEIL, Respondent.

Pacht, Warne, Ross & Bernhard, Clore Warne, Bernard Reich and Rudolph Pacht for Respondent in Civ. No. 17327, and for Appellant in Civ. No. 17497.

No appearance for Appellant in Civ. No. 17327, and for Respondent in Civ. No. 17497.

Francis C. Whelan, in pro. per., for Real Party in Interest.

WILSON, J.—Petition for writ of supersedeas to suspend the enforcement of (1) a judgment of the superior court, and (2) an order for the issuance of a writ of execution thereon. Francis C. Whelan, the real party in interest in this proceeding, has demurred to the petition on the ground that it does not state facts sufficient to entitle plaintiff to the writ. The facts with reference to the judgment and the appeal therefrom and the questions of law relating to the enforcement of the judgment are set forth in the opinion this day filed in *Weil* v. *Superior Court,* No. 17745, *ante,* p. 373 [217 P.2d 975].

Prior to the institution of the contempt proceedings referred to in that opinion Mr. Whelan sought, by application to the superior court for a writ of execution, to enforce that portion of the judgment ordering the payment of attorney's fees. His motion was heard by the Honorable William B. McKesson, Judge, who granted it notwithstanding plaintiff's protest that defendant's appeal suspended the judgment and barred the right of the court to order an execution for its enforcement. Plaintiff has appealed from the order granting the motion.

For the reasons stated in *Weil* v. *Superior Court, supra,* no part of the judgment is enforceable until defendant's appeal therefrom shall have been finally determined.

Plaintiff not having appealed from the judgment was not required to file an undertaking staying its execution. Since he was ready, able and willing to pay the attorney's fees in full at the times directed by the judgment, and since his failure to pay the balance directly to Mr. Whelan was occasioned solely by defendant's appeal, an execution was not necessary to enforce payment.

The order for the issuance of an execution, a special order made after judgment, is appealable (Code Civ. Proc., § 963, subd. 2) and the appeal therefrom stays all proceedings in the trial court upon the matters embraced in the order from which the appeal was taken. (*Peterson* v. *Lampton,* 46 Cal.App.2d 751, 754 [116 P.2d 952]; *Helvey* v. *Castles,* 73 Cal.App.2d 667, 674 [167 P.2d 492].)

The demurrer of Francis C. Whelan to the petition is overruled. A writ of supersedeas will issue staying further proceedings to enforce the judgment for attorney's fees until the appeals from the judgment and from the order directing issuance of execution shall have been finally determined.

Moore, P. J., and McComb, J., concurred.