[Civ. No. 14835.   First Dist., Div. One.   Feb. 21, 1951.]

ROSE DI GRANDI, Appellant, v. TOM DI GRANDI, Respondent.

Sefton & Quattrin for Appellant.

Krinsky & Abraham and Harold J. Abraham for Respondent.

BRAY, J.—Motion by defendant Tom Di Grandi to dismiss appeal by plaintiff from judgment and order denying new trial in a divorce action, on the ground that plaintiff has waived her right to appeal by the voluntary acceptance of the benefit of the judgment.

## QUESTION PRESENTED

Is the amount of attorneys' fees awarded to the wife's attorneys in a judgment granting a divorce to the husband and awarding him 75 per cent of the community property, an inseparable part of the judgment?

## RECORD

Plaintiff wife filed an action for separate maintenance. Defendant husband cross-complained for a divorce on the grounds of extreme cruelty. After a protracted trial the court entered a judgment granting the defendant the divorce, awarded 25 per cent of the community property to plaintiff, 75 per cent to defendant, and attorneys' fees of $2,500 to the attorneys for the wife, to be deducted and paid forthwith out of the community property. The plaintiff's motion for a new trial was denied. Pending the hearing of that motion, plaintiff's attorneys caused a writ of execution to be issued on the award to them. Pursuant to the writ defendant paid the said sum of $2,500 to the sheriff. Thereafter plaintiff appealed from the whole of said judgment and from the order denying a new trial.* Defendant filed in this court a notice of motion to dismiss the appeal on the ground that by satisfying the judgment as to attorneys' fees plaintiff had accepted the benefit of the judgment and is thereby precluded from proceeding with the appeal. Thereafter, both plaintiff and the attorneys in favor of whom the award was made filed affidavits waiving any right to appeal from that portion of the judgment.

## IS THE ATTORNEYS' FEES AWARD INSEPARABLE?

In divorce or separate maintenance proceedings, where the court grants attorneys' fees, it in its discretion may make such fees payable "to the attorney entitled thereto, and judgment may be entered and execution levied accordingly." (Civ. Code, § 137.5.) Notwithstanding that the fees may now be made directly payable to the attorney, they are granted to the wife for her benefit, and the right of the attorney is derived

---

*As no appeal lies from that order, it will hereafter be disregarded.

from the client, and he has no greater right than the client would have. (*Weil* v. *Superior Court,* 97 Cal.App.2d 373, 376 [217 P.2d 975].) ▮ Voluntary acceptance of the benefit of a judgment is a bar to the prosecution of the appeal therefrom. (*Swallers* v. *Swallers,* 89 Cal.App.2d 458 [201 P.2d 23].)

▮ The case of *Weil* v. *Weil,* †(Cal.App.) 224 P.2d 460, is practically determinative that the award of attorneys' fees is a separable part of the judgment here. While the Supreme Court has granted a hearing in the case, the reasoning in it is so logical and reasonable that we adopt it. In that case the husband filed an action for divorce against the wife on the ground of cruelty. She cross-complained, seeking a decree of separate maintenance, and other relief. At the trial, on what the appellate court held to be the erroneous insistence of the trial judge, she amended her cross-complaint to ask for a divorce. An interlocutory decree was entered granting her a divorce, $300 per month support for 30 months, certain jewelry and furs, and attorneys' fees in the sum of $6,000, payable in three equal installments 30 days apart. As here, the award was made directly to her attorneys. She appealed from this decree, from an order denying attorneys' fees on motion for a new trial and from an order denying attorneys' fees on the appeal. Proceedings to force payment of the attorneys' fees by contempt proceedings were brought. (See *Weil* v. *Superior Court, supra,* 97 Cal.App.2d 373, and *Weil* v. *Weil,* 97 Cal.App.2d 378 [217 P.2d 979].) The wife accepted payment of one or more installments of support and a part payment had been made on the attorneys' fees. On the appeal, the husband contended that the wife had waived her right to appeal, among other grounds, by accepting support and attorneys' fees. The court stated (p. 467): "The acceptance of support money and attorney's fees which were rightfully hers did not operate to waive her right of appeal. A similar situation arose in *Browning* v. *Browning,* 208 Cal. 518 [282 P. 503], where the court said that the wife, who had been successful in the action yet had appealed from portions of the judgment with which she was dissatisfied, was entitled to the amounts allowed for her support and attorneys' fees regardless of the outcome of her appeal; that the receipt by the wife of the sums of money which she had received under the terms of the judgment would not defeat her right to main-

---

† A hearing by the Supreme Court was granted on Dec. 6, 1950.

tain her appeal from portions of the judgment; and even if she should be unsuccessful on the appeal she would still have been entitled to receive from her husband the sums which she actually had received. The court pointed out that it is only in cases where an appellant has received and accepted advantages from the judgment to which she would not be entitled in the event of a reversal of the judgment that her acceptance thereof operates to defeat the appeal. In the instant case there is no question as to defendant's right to attorneys' fees for the conduct of the trial and plaintiff stipulated that she was entitled to support money pending appeal. The order for support pending appeal was made effective as of November 1, 1948, the date of entry of the decree. Hence defendant did not receive at any time an amount greater than the court had declared on three occasions to be necessary for her support.'' The court then refers to two cases in other jurisdictions to the effect that a plaintiff who accepts the benefits of a judgment awarded to him is not estopped from appealing from unfavorable portions of the judgment where a modification or reversal of the judgment could not affect his right to the benefits he had taken. These cases are *Cunningham* v. *Cunningham*, 60 Nev. 191 [105 P.2d 398], and *Bass* v. *Ring*, 210 Minn. 598 [299 N.W. 679]. Thus, in our case, whether plaintiff is successful on her appeal in reversing those portions of the judgment which granted the divorce and 75 per cent of the community property to the husband, or not, she was ''entitled to attorneys' fees for the conduct of the trial, the amount of which the court determined and specified in the judgment.'' (*Weil* v. *Weil, supra,* p. 467.) Defendant relies on *Storke* v. *Storke,* 132 Cal. 349 [64 P. 578], and *McCaleb* v. *McCaleb,* 32 Cal.App. 648 [163 P. 1045], just as the plaintiff did in *Weil* v. *Weil, supra* *(Cal.App.) 224 P.2d 460. Concerning those cases the court there said (pp. 468, 469): ''Both decisions are distinguishable from the instant case just as they were distinguished by the Supreme Court in *Browning* v. *Browning, supra* (208 Cal. 518). In the Storke case the trial court had granted a decree of divorce to the husband on account of the wife's extreme cruelty, from which decree she appealed although she had received and retained the support money and attorney's fees awarded to her. The court pointed out that if she succeeded in obtaining a new trial she would have received money which she might not be

*A hearing by the Supreme Court was granted on Dec. 6, 1950.

able to return. . . . In the McCaleb case each party had sought a divorce. The court did not grant a decree to either but the wife was awarded support as long as the parties lived apart. The wife moved for a new trial after accepting payments for her support and the husband appealed from the order refusing to dismiss her motion for a new trial. The court confessed it was unable to reconcile *Storke* v. *Storke* with the later case of *First National Bank* v. *Wakefield,* 138 Cal. 561 [72 P. 151], but determined to follow the precedent established by the former. In *First National Bank* v. *Wakefield, supra,* the court referred to the language in the Storke case to the effect that if all provisions of a judgment are connected and dependent so that one part cannot be reversed without reversal of the whole, a party cannot enforce the portion of the judgment in his favor and appeal from that which is against him; but where the provisions of the judgment are not so interdependent that a part of the judgment cannot be set aside without a reversal of the entire judgment the party may appeal from the adverse portion of the judgment while accepting the part in his favor. . . .

"In *Browning* v. *Browning* (p. 525), pointing out that a divorce had been granted to the wife, the court distinguished *Storke* v. *Storke, supra,* and *McCaleb* v. *McCaleb, supra,* on the ground that 'in each of these cases the very question at issue upon the appeal was as to whether or not the appellant was entitled to a divorce at all, and hence, of course, entitled to the sums of money which had been paid her, but to which she would have no right in the event of a denial of a divorce.' The Browning decision compares approvingly *Locke-Paddon* v. *Locke-Paddon,* 194 Cal. 73 [227 P. 715], which is likewise applicable to the facts at bar. Therein it was held that the right of a wife to maintain an action to rescind a property settlement on the ground of fraud was not defeated by the fact that she had received under the agreement certain moneys which she had applied to her living expenses and which she would have been entitled to receive notwithstanding the agreement she was attempting to have set aside. *Browning* v. *Browning* was decided long after the Storke and McCaleb cases. Since it distinguishes them on the facts and is the latest expression of the Supreme Court, it must be taken to overrule the earlier decisions in whatever particulars they differ.

"It is a general rule in other jurisdictions and one that should be adhered to that where an appellant's right to a benefit secured by a judgment will not be affected by a re-

versal of other parts of the judgment, his acceptance of such benefit will not act as a waiver of his appeal from the portions of the judgment with which he is dissatisfied. ('Appeal and Error,' 4 C.J.S. § 1354, p. 1956-7; 4 C.J. § 2389, p. 580; 2 Am.Jur. § 215, p. 977.)''

Particularly applicable here is the following language (p. 469): ''The decision in the Browning case, as well as what we have said in relation to defendant's support, applies likewise to the partial payment of the attorneys' fees allowed to defendant at the close of the trial. Such services were rendered in the trial of the action and the court awarded the amount it deemed to be reasonable therefor. Plaintiff is liable for payment of such amount regardless of the result of the appeal. The same reasoning applies to attorneys' fees as to support money since, as the court said in the Browning case (p. 526), the allowance of attorneys' fees has no relation to the remainder of the judgment and no bearing on the result of the appeal. . . . The award of attorneys' fees is separable from the other portions of the judgment and is not affected by the appeal. There is no controversy on this appeal as to whether an award of attorneys' fees should have been made or as to the reasonableness of the amount allowed by the court. Plaintiff has not appealed, therefore as to him the judgment is final. If, by reason of defendant's appeal from the entire judgment any question may be deemed to have been raised relating to her counsel fees such question has been abandoned since she has failed to assign or rely on it in her brief. . . . The value of the services rendered by defendant's attorney has been determined by the trial court and plaintiff is chargeable therewith in any event. Therefore the payment by plaintiff and the acceptance by defendant and her attorney of a portion of the amount awarded, or even the whole thereof had it been paid, does not defeat her right to appeal.''

Defendant also relies on *Weil* v. *Superior Court, supra* (97 Cal.App.2d 373), and *Weil* v. *Weil, supra* (97 Cal.App.2d 378). In *Weil* v. *Weil,* *(Cal.App.) 224 P.2d 460, at page 469, the very same court and judges who decided those cases state that in them ''there are expressions contrary to what we have said in this opinion.'' After stating that those proceedings related to the right of defendant's former counsel to collect his fees from plaintiff, and did not involve defendant or any of her rights, and that the effect of their decisions was

---

*A hearing by the Supreme Court was granted on Dec. 6, 1950.

to maintain the status quo and suspend the attorney's enforcement of the judgment for his fees until the determination of defendant's appeal, the court then said (p. 470): "When *Weil* v. *Superior Court, supra,* and *Weil* v. *Weil, supra,* were before us our attention was not called to the Browning and Cunningham cases, nor to the other authorities herein cited upon the question of attorneys' fees. For the foregoing reasons any statements in those decisions in conflict with what we have said in this opinion are expressly overruled."

*Hill* v. *Hill,* 79 Cal.App.2d 368 [180 P.2d 378], also cited by defendant, is not in point as it refused to consider the question raised here. There a motion was made to the same court which decided the Weil cases for directions as to what effect on her appeal an acceptance of payment of the award for attorney's fees would have. After pointing out what the decisions were in *Storke* v. *Storke, supra, McCaleb* v. *McCaleb, supra,* and *Browning* v. *Browning, supra,* the court said (p. 370): "By appellant's motion she asks this court to determine in advance of the making up of the issues on appeal whether we shall, if the question should arise, follow the rule stated in the Storke and McCaleb cases or distinguish those cases from the instant case and follow the decision in *Browning* v. *Browning.*

"We have not been cited to any case and we know of none that authorizes an appellate court to inform the litigants what the opinion of the court is upon a question that has not been raised in the action, or what its decision would be if the question should be presented."

In *Swallers* v. *Swallers, supra* (89 Cal.App.2d 458), also cited by defendant, the trial court awarded the wife a divorce and the husband the real and personal property on condition that he pay her the sum of $300. The wife appealed. However, she accepted payment of this sum. The appellate court pointed out that "Except for the judgment, plaintiff would not have been entitled to receive $300, or any other sum." (P. 462.) This distinguishes the case from ours.

Motion denied, without prejudice to the right of defendant to renew it in the event the Supreme Court adopts a contrary conclusion in the Weil case.

Peters, P. J., and Wood (Fred B.), J., concurred.