[Nos. B008375, B009412. Second Dist., Div. Four. Sept. 29, 1986.]

In re the Marriage of JUNE and JAMES KOZEN.
JUNE KOZEN, Respondent, v.
JAMES KOZEN, Appellant.

COUNSEL

Lawrence J. Szabo, Greines, Martin, Stein & Richland, Kent L. Richland and Paul M. DeMarco for Appellant.

Stone & Wolfe, Herbert N. Wolfe, Harold Gutenberg and Stanley H. Kimmel for Respondent.

OPINION

**WOODS, P. J.**—In this marital dissolution action, James Kozen (husband) is appealing the trial court's award to June Kozen (wife) of the larger of the two family businesses, and its order that he pay over $100,000 in wife's attorney's and accountant's fees. We find no abuse of discretion, and therefore affirm.[1]

The record shows that husband and wife separated in 1981, following 13½ years of marriage. At the time of the April 1984 dissolution proceedings, wife had not worked outside the home for fifteen years; earlier in her life, she had been employed as a hairdresser for six or seven years.

In 1976, husband entered into a partnership with Leonard Allenstein to operate Burger King Restaurant franchises. The partnership opened one such restaurant in Hollywood and another in Agoura. Husband became the operator of the highly profitable Hollywood restaurant. He and Allenstein entered into an agreement in 1984 under which husband received the Hollywood franchise and Allenstein the Agoura franchise. The agreement required husband to borrow $227,000, on which he paid interest payments of $3,100 per month, with the principal due on December 15, 1984.

Husband also entered into a restaurant partnership (K & P Partnership) with a different partner. That partnership opened a Burger King Restaurant in Burbank.

At the time of dissolution, the Hollywood franchise and related property were valued at $1,187,000. The community's interest in the Burbank franchise was valued at $363,150.

---

[1]Husband's appeals from the fees portion of the interlocutory judgment and from the final judgment on reserved issues have been consolidated by stipulation.

In addition to the Hollywood and Burbank franchises, the community owned one other large asset, the family residence in Pacific Palisades, which had a net value of around $700,000. The community also owned numerous smaller investments.

A Burger King representative testified that Burger King would accept wife as a franchisee if the court awarded her the Hollywood franchise. The company had a management training program for its franchisees.

In the interlocutory judgment entered on May 29, 1984, the trial court awarded the interest in the Burbank franchise to husband and carefully divided the community's smaller assets. The disposition of the Hollywood franchise and the family residence were reserved. Husband was ordered to pay various fees, including $25,000 to wife's accounting firm and $80,000 to her lawyers.

In September 1984, after hearing evidence on the reserved issues, the court awarded the Hollywood franchise to wife and the family home to husband. The court further ordered husband to assume as his sole obligation the $227,000 debt incurred in buying out Allenstein's interest in the Hollywood franchise. Within two weeks of the transfer of the Hollywood franchise and property to wife, she was ordered to pay $96,620 to husband to equalize the property division.

Husband's motions for reconsideration and for new trial were denied.[2] This appeal followed.

Wife contends that husband has waived his right to appeal by (1) accepting an equalizing payment from her after the Hollywood restaurant was transferred to her and (2) encumbering the family residence with a second deed of trust. While early cases have strictly applied the rule that a party cannot simultaneously accept the fruits of a judgment and appeal it (*Turner* v. *Markham* (1907) 152 Cal. 246, 247 [92 P. 485]; *Swallers* v. *Swallers* (1948) 89 Cal.App.2d 458, 462 [201 P.2d 23]), the more recent case of *In re Marriage of Fonstein* (1976) 17 Cal.3d 738, 744-745 [131 Cal.Rptr. 873, 552 P.2d 1169], suggests greater leniency regarding what acts constitute acquiescence in a judgment. We need not resolve here whether husband waived his right to appeal, since consideration of his issues shows that they lack merit.

---

[2]At the hearing on the motion for reconsideration, husband tendered a cashier's check of $394,000 as an equalizing amount for wife if the court awarded him the Hollywood restaurant and her the house. The court refused to reconsider.

A. *There Was No Abuse of Discretion in Awarding the Hollywood Franchise to Wife and the Debt to Husband*

■ Husband contends the Hollywood franchise should have been awarded to him as he had the demonstrated skills necessary to run it, wife had no experience, and he needed the business cash flow to service the business debt. He relies on Civil Code section 4800, subdivision (b)(1), which provides: "[w]here economic circumstances warrant, the court may award any asset to one party on such conditions as it deems proper to effect a substantially equal division of the property."

The trial court explained in detail why it made the award to wife. It recognized the importance of the restaurant income for the support of the parties' three minor children. The court further thought that wife had the burden to show that she could do as good a job as husband at running the business, since husband had formed and developed it. From all the evidence the court had heard, it concluded that wife could do an equally good job of running the business. Nothing showed that husband had had any special training when he began to run the franchise or that his years of experience were necessary to its operation. No workable method of cashing wife out had been achieved. Given the acrimony between the parties, wife should be allowed to take care of herself, without the need to rely upon husband for support.

We see no abuse of discretion in the trial court's careful decision.

Husband described his duties in running the franchise basically as "interfacing" with the franchisor, restaurant managers, food purveyors, equipment manufacturers, and the insurance company. He was in charge of hiring and firing all restaurant managers, keeping the books and making sure the operation ran in compliance with Burger King standards. There was no reason to think wife could not also perform those functions after attending the school which was run by the franchisor.

The cases upon which husband relies are inapposite.

In *In re Marriage of Burlini* (1983) 143 Cal.App.3d 65, 70-71 [191 Cal.Rptr. 541], the wife contended on appeal that the trial court should have divided a coin laundry business equally between her and the husband. The business consisted of washers and dryers located at various apartment complexes. The husband had serviced the machines while the wife performed clerical functions for the business. *Burlini* held the business was properly

awarded solely to the husband, as his special skills in repairing the business's old equipment were necessary to avoid the destruction of the business.

Similarly, in *In re Marriage of Smith* (1978) 79 Cal.App.3d 725, 748-751 [145 Cal.Rptr. 205], the husband had performed the technical work for the family's custom sign-making business, while the wife performed clerical and bookkeeping functions. *Smith* stated that the business could only have been awarded to the husband, since his technical knowledge and experience were necessary to the conduct of the business.

In contrast, here the record supports the trial court's finding that no special expertise was necessary to operate a Burger King Restaurant franchise, for which the primary duty was to bring on capable managers and ensure that they were properly trained to run the restaurant.

We are aware of Civil Code section 5125, subdivision (d), which provides: "A spouse who is operating or managing a business or an interest in a business which is community personal property has the sole management and control of the business or interest." We do not read the section to require that all separate family businesses must be awarded to the operating spouse. It is true that in *Goss* v. *Edwards* (1977) 68 Cal.App.3d 264, 270 [137 Cal.Rptr. 252], the court interpreted section 5125, subdivision (d) as an expression of the Legislature "in favor of permitting a spouse who is operating or managing a community property business to continue in sole control of the business despite the otherwise equal rights of the spouses to manage and control their community property." However, *Goss* utilized the section to find that there was a legitimate purpose to a voting trust under which a wife gave to her former husband the right to vote her shares in the company he had built up and managed. *Goss* does not control whether a trial court may award one of several family businesses to the nonoperating spouse.

There is also no merit to husband's contention that the cash flow from the Hollywood restaurant was necessary to service the debt incurred in buying out his partner. Even husband concedes that it was "mathematically correct" to award him the debt, given the division of the other property. Husband was left ample means to cover the debt.

B. *There Was No Abuse of Discretion in Requiring Husband to Pay Over $100,000 in Attorney's and Accountant's Fees.*

Prior to trial, husband was ordered to pay wife's attorney's fees of $20,000. He has appealed the portion of the interlocutory judgment which requires

him to pay $25,000 to wife's accounting firm and $80,000 to her lawyers.

Recognizing that the matter was in the trial court's discretion, husband argues that (1) the evidence did not show that wife needed the money or that he had the ability to pay it, and (2) the amount of fees and costs were unreasonable. We disagree.

The evidence below showed that wife incurred a total of $72,000 in accounting fees and $228,000 in attorney's fees.

Wife's accountant gave extensive testimony as to the reason for the large fees. One reason was husband's lack of cooperation, such as failures to show up for scheduled interviews or make records available. Another reason was the large number of records to be reviewed, due to the parties' numerous investments. A further reason was wife's mistrust of husband's representations regarding his assets, which required a fraud-type investigation which had in fact uncovered some undisclosed community funds. The largest amount of accountant time, however, was spent in assessing the charges and credits for the $800,000 in community funds which husband received in the years after the parties separated.

Wife's attorney testified that his fees seemed "obscene," given the total amount of community assets, but extensive preparation had been required in this case. Additionally, husband's withdrawal from a settlement had wasted $27,000 worth of attorney's fees. The court also heard conflicting evidence regarding whether husband had "stonewalled" and been difficult during discovery.

Given all of the testimony, we see no abuse of discretion by the trial court in its fee award.

Wife's request that sanctions be imposed against husband for filing a frivolous appeal is denied. Husband was justified in seeking review.

The interlocutory judgment and judgment on reserved issues are affirmed.

Kingsley, J., and Arguelles, J., concurred.

A petition for a rehearing was denied October 21, 1986, and appellant's petition for review by the Supreme Court was denied December 10, 1986.